LOUW *against* DAVIS.

IN ERROR, on *certiorari* to a justice's court. *Davis,* the plaintiff in the court below, brought an action against *Louw,* the defendant below, for negligence in not defending a suit brought against him, the plaintiff, in the court of common pleas of *Seneca* county. A *venire* was issued in the cause, directed to any constable of the county, and was executed by a constable of the town of *Ovid,* but the jurors were taken from the town of *Romulus,* where the cause was tried. There was a challenge to the array, which was overruled by the justice. The defendant pleaded a former trial for the same cause of action, and judgment in his favour. From the record produced in evidence, it appeared that the former action was for the same cause, but that the plaintiff therein withdrew all his demands, except one for five dollars, for a fee in the suit, which the defendant was employed to defend. There does not appear to have been any decision, by the justice, as to the effect of the record as a bar. A verdict was given for the plaintiff below.

*If the plaintiff, on trial, waive any particular cause of action, and afterwards bring a new suit for the same cause, the record in the former action is not a bar to the new suit.*

*A venire, in a justice's court, must be executed by a constable of the town from which the jury is summoned, and in which the cause is tried.*

*But it seems that a venire directed to any constable of the county, if executed by the proper constable, is a mere defect in form, for which the judgment will not be reversed.*

*Per Curiam.* With respect to the effect of the former trial, there appears to have been no decision made by the justice; and it might be fairly inferred, from this circumstance, that the defence on this ground was not persisted in: but there could be no objection to the plaintiff's waiving any claim for the negligence; this was a distinct cause of action, and founded in *tort.* The other objection, however, is fatal. The statute requires the *venire* to be directed to a constable of the city or town where the cause is to be tried, commanding him to summon, &c. The direction of a *venire* is different from that of a summons or execution: these are directed to any constable of the county. Perhaps, the mere direction of the *venire* might have been considered matter of form, if it had been served by a constable of the town where the cause was tried: this the act seems to require; probably because constables of the town are more likely to be acquainted with persons who are fit and proper jurors. But, whatever may have been the reason for such a

provision, it is too plain and explicit to admit of any other construction. The judgment must, therefore, be reversed.

Judgment reversed.