DeSYLVA *versus* HENRY.

QUESTIONS IN THIS CASE.

*Upon defects in a writ of error.*
*As to citation.*
*As to a division of one claim into several actions.*
*As to recovery of money paid upon a note, but not cre-
    dited thereon.*
*As to an off-set.*

1. The omission to set out, in a writ of error, the particular day
    on which it should be returned, is cured by the statute of
    amendments.
2. It is no cause for the dismissal of a writ of error, that sure-
    ties to a bond, for an appeal from the judgment of a justice
    of the peace, are not joined, it not appearing that the judg-
    ment on appeal is against them.
3. Appearance by counsel, and argument on the merits, cure
    the want of a citation.
4. That a party bringing several actions, has divided his claim into
    sums under twenty dollars, so as to obtain the benefit of his
    own oath; can be taken advantage of, only by pleading the
    pendency of the first suit, in bar to those subsequently insti-
    tuted.
5. An action will not lie, to recover back money paid in part li-
    quidation of a note of hand, but not credited thereon, where
    suit has been brought upon the note, and judgment recover-
    ed—no effort being made on the trial, to obtain an off-set of
    the amount paid.
6. A defendant, holding an account against a plaintiff, may use
    it, or not, on the trial of the suit against him; or, make it the
    ground of another action, as he pleases.

This was originally a suit, by the plaintiff in er-
ror, before a justice of the peace of the County of
Mobile, where judgment was rendered for the plain-
tiff; and an appeal taken to the Circuit Court, and

the judgment of that Court awarded for the defendant.

On the trial, it was in proof, that the plaintiff had paid to the defendant, the sum of ten dollars, which was intended to be applied to the partial payment of a note, held by the defendant against the plaintiff, but which was never so applied; and that the defendant afterwards sued the plaintiff on the note, and recovered judgment thereon.

Another portion of the claim of the plaintiff was founded on an account, for eight dollars.

Argued by *Mr. Goldthwaite,* for the plaintiff in error; and by *Mr. Stewart,* for the defendant.

HITCHCOCK, J.—Bernard De Sylva brought two suits before a magistrate, in the County of Mobile, against Alexander Henry—one for eighteen dollars, on an account, and one for twenty dollars, on another account, and obtained judgment; from which the defendant appealed to the Circuit Court of the County.

The two cases were taken up by the Court, together, and the defendant pleaded non-assumpsit, and former recovery. At the trial, a bill of exceptions was taken, which presents the facts of the case, as they appeared before the court below; and, upon which the Court rendered judgment, in both cases, for the defendant.

The first case was brought here, by writ of error, and entered at the January Term, 1834, on the docket; and, at this term, after the plaintiff's counsel had argued the case, on the merits, the defendant's counsel, as a part of his argument, in defence, insists,

that the writ should be dismissed — first, because there is no day stated, for the return of the writ, it being made returnable the —— Monday in January, 1834; secondly, because the securities of Henry, who took the appeal, are not made co-defendants, here; and, thirdly, because there is no citation.

As to the first ground, we think it is cured, by the statute of amendments. As to the second, we think the writ is right: no judgment was ever rendered against the securities to the appeal bond; and they are not parties to the suit. And, as to the third, we think that it is too late, after a party has appeared, by counsel, and after argument has been had, on the merits, to allege the want of a citation. The party must be considered as having made a voluntary appearance, which supersedes the necessity of a citation.

As to the merits of the case, it appears, that the plaintiff was examined on oath, in each case, and swore, that, in the first case, he had paid the defendant ten dollars, to be applied to a note he held against him, which, he alleged, he had not done; but, that the defendant had obtained judgment on the note, without allowing the credit; and, that the defendant owed him eight dollars, for his passage to Fish River.

As to the second suit, he swore, that the defendant owed him fifteen dollars, for taking, at another time, him and his sister, and some bales and boxes, to Fish River.

The defendant produced the record of the judgment in his favor, on the note above alluded to, and proved, that the plaintiff was defended by counsel, on the trial.

DE SYLVA *vs.* HENRY.

The counsel for the defendant has made a point, as to the propriety of this bill of exceptions being considered a part of the record. The bill of exceptions appears to be certified, as a copy of an original bill of exceptions, in these two cases, which had been, before this, in the Supreme Court; and which was dismissed.

The certificate of the clerk of the Circuit Court, appended to this record, is, that " the foregoing is a correct copy of the record and proceedings remaining in the office, in the case of *De Sylva* vs. *Henry.*" And he further certifies, that the original bill of exceptions, taken and signed in the cause, (applying, also to another cause, between the same parties,) was sent up to the Supreme Court, on a writ of error, in the same cases, taken on the 20th August, 1833, which writ of error is certified by *H. Minor,* clerk of the Supreme Court, as dismissed, and the certificate thereof is hereto attached."

The defendant's counsel insists, that this copy, certified by the clerk of the Supreme Court, forms no part of this record; in as much as he has no authority to certify any such paper.

By reference of the certificate of the clerk who sent up this record, it will be seen, that he certifies, that " the *foregoing,* is a correct copy of the *record* in the cause."—This embraces the whole record; and although he goes on, to make a further statement, as to what became of the original bill of exceptions, and which sufficiently explains, how it happens, that he has used the copy sent by the clerk of the Supreme Court—yet, it is not to be inferred, that he has relied upon that copy.

The Bill of exceptions is a part of the original record, and should be recorded, and for aught that appears, the clerk made this transcript from the record; indeed, that is the legal infereence to be drawn. The reference to the certificate of the clerk of the Supreme Court, is not to the one appended to the copy of the bill of exceptions, but to that certifying that the case, as it first came into this court, had been dismissed: all this part of the clerk's certificate is surplusage. But it does not invalidate that part which alludes to the whole record. The bill of exceptions is therefore properly before the court.

The counsel for the defendant, insists that the Court below ought not to have received the evidence of the plaintiff; as the law does not permit parties to split up their accounts so as to bring them down to twenty dollars, and thereby get the benefit of their own oath. This is certainly true, but to prevent this, it is necessary that the defendant should plead the pendency of the first suit in bar of the subsequent ones. The pleas were non assumpsit and former recovery. The fact that the two cases were taken up together, does not alter the case; they were treated in all respects as separate suits, and it does not appear that any objection was made in the Court below, to the competency of the plaintiffs testimony.— Neither of their pleas presented this point to the Court below. The first plea put in issue, the merits of both suits, and the second plea could only avail the parties on the second suit, after a recovery was had on the first. At any rate he had a right to be sworn in the first case, which is the one now before us.

As to the facts then sworn to by him, it is clear, that, as to the ten dollars, paid on the note, and not credited, he cannot recover it back. He should have made this a part of his defence, when sued on the note. But, as to the charge for the passage to Fish River, this was only matter of set-off; which he might have made a part of his defence, or not, as he chose.

For this, the Court below should have rendered judgment, for as much as the services were worth; and, for this error, the cause must be reversed: and, in as much as the sum is not ascertained, by contract, but must rest in the judgment of the Court below, who is substituted for the jury, the cause must be remanded.