## SALOMON vs. THE STATE.

[INDICTMENT FOR SETTING UP, OR BEING CONCERNED IN SETTING UP, OR CARRYING ON A LOTTERY.]

1. *Form of indictment prescribed by Code, sufficient.*—An indictment in the form prescribed by the Code (No. 73, p. 707), which charges that the defendant "set up, or was concerned in setting up, or carrying on a lottery, without the legislative authority of this State," is sufficiently certain and definite on motion to quash.

2. *Selling tickets in foreign lottery, as agent, is within the statute.*—Any person who sells in this State any lottery ticket, for or on behalf of any agent, con-

ductor, manager, or proprietor of any lottery which has been set up in this State, or in any other State or country, without the legislative authority of this State, and the prizes in which, at the time of the sale of the ticket, have not been actually distributed, is "concerned in carrying on" such lottery, and therefore guilty of a violation of the statute, (Code, § 3254.)

3. *Charge making conviction depend on proof of agency alone, erroneous.*—A charge which instructs the jury, that the case for the State is made out by proof that "the defendant is the agent" of the persons carrying on any lottery not authorized by our statute laws, is erroneous, because it relieves the State from proving that the defendant, within one year before the finding of the indictment, and within the county in which it was preferred, had done an act which amounts to a violation of the statute.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE indictment in this case, which was found at the special May term, 1855, of the City Court, was as follows :—

"The grand jury of said county charge, that, before the finding of this indictment, A. M. Salomon set up, or was concerned in setting up, or carrying on a lottery, without the legislative authority of this State, against the peace," &c.

The bill of exceptions states, that the defendant, at the trial, "moved to quash the indictment, 1st, for want of certainty ; 2dly, because it should have set forth the name of the lottery, or so described the lottery, if the name was unknown, as to have enabled the defendant to prepare his defence ; and, 3dly, because it is insufficient. This motion was refused, and the defendant thereupon excepted."

"The proof was, that the defendant had sold Maryland lottery tickets, Havana lottery tickets, and Georgia lottery tickets ; but there was no proof of his connection with said lotteries, or either of them, except that he vended the tickets. The court charged the jury, 1st, 'If you believe that defendant is the agent of the persons carrying on either of the lotteries testified to, the State has made out its case' ; 2dly, 'If you believe that the defendant is shown to have been engaged in the business of selling lottery tickets of a lottery to be drawn, it would amount to being concerned in carrying on such lottery.' To these charges the defendant excepted, and asked the court to charge the jury, that selling lottery tickets alone, or buying and selling lottery tickets, does not constitute the offence of being concerned in setting up or

carrying on a lottery; which charge the court refused, and the defendant excepted."

These several rulings of the court are now assigned for error.

R. H. SMITH, and MANNING & WALKER, for appellant:

1. The mere fact of being the agent of a person who carries on a lottery out of the State, is not a violation of the statute. Yates & McIntyre v. O'Neale & Smith, 3 Gill & J. 253. The charge would seem to apply to any agency, though it had no relation to a lottery.

2. The mere act of vending tickets in a foreign lottery is not an offence against the statute.—Mount & Wardell v. Waite, 7 Johns. 440. The statute is penal, and cannot be extended by construction. Selling tickets is a different thing from carrying on, or being concerned in carrying on the lottery: one may sell tickets, and yet have no concern in carrying on the lottery. Again, the statute only relates to lotteries in this State.—See Smith's Commentaries on Statutes, §§ 743, 746, 747; Scribner and Barker's cases, 2 Gill & J. 246.

3. To show error in the first charge, see 21 Ala. 9.

M. A. BALDWIN, Attorney General, *contra:*

1. It was not necessary for the indictment to allege that the lottery was within this State, nor that it should be specified by name.—Commonwealth v. Clapp, 5 Pick. 41; Commonwealth v. Hooper, *ib.* 43.

2. The prohibition of the statute extends to all lotteries not authorized by a law of this State, or of the United States. Commonwealth v. Dana, 2 Metc. 338; The People v. Sturdevant, 23 Wend. 420; Hunt v. Knickerbacker, 5 John. 332.

3. The selling of tickets in lotteries not authorized by the laws of this State, is a participation in the carrying on of such lotteries, and therefore indictable. In the commission of crimes, a party is guilty either as principal or accessory; but in misdemeanors (as in treason) there are no accessories —all are principals.—1 Chitty's Criminal Law, p. 261; 1 Archb. (by Waterman), pp. 11 to 17; 3 Pick. 29; 2 B. Mon. 417; 3 Wash. C. C. R. 238. Whatever constitutes one an accessory before the fact in a felony, renders him lia-

ble as a principal in misdemeanors.—State v. Westfield, 1 Bail. 132 ; 12 Wheat. 475. Books kept in relation to proceedings respecting a lottery, have been held materials for a lottery.—Commonwealth v. Dana, *supra*. No action could be maintained on a contract made for the sale here of tickets in a lottery not authorized by our law.—5 Johns. 326 ; 2 A. K. Marsh. 137 ; *ib.* 209.

RICE, J.—Section 3254 of the Code is in the following words :

" Any person setting up, or concerned in setting up, or carrying on any lottery, without the legislative authority of this State, must, on conviction, be fined not less than one hundred, or more than two thousand dollars."

The form of an indictment under this section, is given on page 707 of the Code. That form has been followed in this case ; and the indictment is sufficient.—The People v. Sturdevant, 23 Wend. Rep. 418 ; Commonwealth v. Dana, 2 Metc. Rep. 329.

It is a sound principle, " that no person be adjudged guilty of an offence, unless it be created and promulgated in terms which leave no reasonable doubt of their meaning. It is more consonant to the principle of liberty, that a court should acquit when the legislature intended to punish, than that it should punish when it was intended to discharge with impunity."—The Schooner Enterprize, 1 Paine's Rep. 32 ; Smith's Com. on Statutes, 861, § 747.

But there can be no doubt, that any person who sells, in this State, any lottery ticket, for or on behalf of any agent, conductor, manager, or proprietor of any lottery which has been set up in this State, a sister State, or a foreign State, " without the legislative authority of this State", and the prizes in which, at the time of the sale of the ticket, have not been actually distributed, is concerned in carrying on a lottery "without the legislative authority of the State", and a violator of section 3254 of the Code. In the consideration and trial of an indictment found under this section, the laws of a sister State, or of a foreign State, authorizing lotteries to be set up and carried on, have no force whatever. Such laws cannot, upon the principle of comity, or upon any other

principle, be regarded as impairing or annulling any pro-
vision of our criminal code, or as conferring upon any person
authority to violate with impunity any provision thereof.
Commonwealth v. Burns, 4 J. J. Marsh. Rep. 177 ; Common-
wealth v. Dana, *supra;* The People v. Sturdevant, *supra.*

Any other construction of section 3254 of our Code, would
fall little short of a repeal of at least one of its material pro-
visions, and would permit the proprietors, managers, and
agents of the authorized lotteries of every State and sove-
reignty on earth, with impunity, to offer and sell in this State
all their tickets. The legislature certainly knew that there
could not be a " carrying on" a lottery, without the sale of
tickets, which means the sale of chances. The manifest de-
sign of the section was, to suppress, within the limits of this
State, all lotteries not authorized by our own statute law ;
and to prevent (among other things) the sale of any tickets
in such lotteries, and thus destroy the evils resulting from
that species of gambling.

The proposition asserted in the first charge given by the
court, is, that proof that the defendant is *the agent* of the
persons carrying on any lottery not authorized by our statute
law, makes out the case for the State. This charge cannot
be sustained. It relieved the State from proving that, within
one year before the finding of the indictment, the defendant
had done an act *in the county* in which the indictment was
preferred, which amounted to a violation of section 3254 of
the Code. Although he was agent, yet, if he had done no
act, nor participated in any, contrary to law, in *the county* in
which the indictment was preferred, within one year next
before it was preferred, he ought not to have been convicted.
Code, §§ 3374, 3514.

For the error in the first charge of the court below, above
pointed out, its judgment is reversed, and the cause re-
manded.