BENJAMIN G. THORNTON, JR., ET AL. APPELLANTS, VS. FRANCIS EPPES, EXECUTOR, &c., OF J. K. CAMPBELL, DECEASED, APPELLEE.

1. A second suit will not be allowed when it appears that a judgment, whether by confession, upon demurrer or verdict, and still in force, has been rendered in a former suit, by a court of competent jurisdiction, for the same subject matter, for the same purpose, and a trial was had upon the merits. The same rule prevails in Courts of law and equity, but there are instances forming exceptions to this general rule in which, under peculiar circumstances, equity will entertain a second suit for the same cause of action and the same purpose.

2. It is not a sufficient ground to entertain a bill in equity that on a trial of the same question in a suit at law, upon an issue involving the merits, the Jury gave a verdict for the defendant, because of an instruction by the Court that if they believed the evidence, the right to sue at law was not in the plaintiffs but another person, or that the plaintiffs should go into a court of equity, though that instruction was erroneous. The only way of avoiding such an instruction are by taking a nonsuit before the jury retired, or obtaining a reversal of the judgment.

3. If a party intends to rely upon a matter as constituting a ground for relief in equity, it ought to be set up in the bill; if not so set up, though it appears by

the evidence in the record to have been proved, it will not be considered at the hearing.

4. When a Court of Equity has concurrent jurisdiction with a Court of Law, of a question which has been already tried at law, the Court of Equity will not entertain a suit to try the same question, because of some matter of which the plaintiff could have availed himself had he first sued in equity.

This is an appeal from a decree of the Circuit Court of Leon County.

The complainants filed their bill claiming certain slaves under a deed made in 1819 by Benj. G. Thornton conveying certain land and negroes in trust to Wesley Adams for the benefit of the wife of Benj. G. Thornton and her right heirs, with the power of appointment by Mrs. Thornton.— Mrs. Thornton having died without making an appointment, complainants, who are her children, claim that they are entitled to the property in question under the provisions of the deed above referred to. In the year 1832 an execution against Benjamin G. Thornton was levied on two negroes mentioned and conveyed in the deed of trust aforesaid, and at the sale they were purchased by the defendant's testator, in whose possession they remained until his death, and afterwards in the possession of defendant as executor.

In the year 1837 an action of detinue was brought by complainants in Leon Superior Court against defendant as executor as aforesaid, for the recovery of the slaves, in which a verdict and judgment were rendered for defendant. It appears that on the trial of this action, the Judge instructed the Jury "that on the showing of plaintiffs it was not competent for them to recover—that the title exhibited by the plaintiffs to the jury was variant from that declared on—that the evidence exhibited, if believed by the jury, shewed the title to be in Wesley Adams, trustee, who was only competent to sue in that form of action—that if there was any title in the heirs of Mary Thornton, it

should have been asserted in the name of Wesley Adams, trustee, or by bill in equity."

The bill filed in this case alleges that as the Court decided that a court of law could not take jurisdiction of the case, the complainants, acting upon the suggestion of the Judge who tried the case, that a bill in chancery would lie to assert their rights, filed their bill for that purpose.

The complainants also allege that these slaves are family servants and therefore are of peculiar value to them beyond the ordinary prices attached to this species of property.

The defendant sets up in his answer the judgment rendered in the said action at law, by way of plea, as a bar to this suit.

The plea was sustained by the Court below and the complainants appealed.

*Archer & Papy* for Appellants.

*Long & Galbraith* for Appellees.

His Honor THOMAS F. KING, Judge of the Southern Circuit, (who presided in this case in lieu of Hon. T. Baltzell, C. J., disqualified to sit,) delivered the opinion of the Court.

The complainants found their claim upon a deed made in 1819, by Benjamin G. Thornton, of certain lands and negroes to Wesley Adams, in trust for the benefit of Mary Hall Thornton, wife of Benjamin G. Thornton, and her heirs. The deed, after directing the payment of certain debts and giving to Mrs. Thornton the power of disposing of the property to such uses and such persons as she might appoint, provides that " if she should die without making any such direction or appointment, then all the benefit, use and advantage of the said trust to revert to her right

Thornton et al. vs. Campbell's Executor—Opinion of Court.

heirs." Mrs. Thornton died without having made an appointment, and the complainants claim that they, as her heirs by virtue of this provision, are entitled to the two negroes here sued for as part of the property conveyed in the deed. In 1832, an execution against Benj. G. Thornton was levied on the two negroes, and at the sale under the execution they were bought by John K. Campbell, and have ever since been in his possession and that of the defendant, as his representative.

In 1837, an action of detinue was brought in Leon Superior Court, by these complainants, against the defendant, in the same capacity in which he is now sued, for the recovery of the negroes, and at the trial of that suit at the fall term of 1837, a verdict and judgment were rendered for the defendant. Soon after that, this suit in Chancery was commenced for the same slaves.

In his answer to the bill, the defendant has set up, by way of plea, the judgment in the action of detinue, which is in full force, as a bar to this suit. The Circuit Court sustained the plea, and from its decision this appeal was taken. The first question for us to determine, then, is as to the sufficiency of this plea. If it be good, it is unnecessary to enquire further into the case.

The rule is that a second suit shall not be allowed when the judgment in the first, whether upon confession, demurrer or verdict, and still in force, was given by a Court of competent jurisdiction, and was for the same subject matter, for the same object, and the case was tried upon the merits. And the same rule prevails in Courts of law and equity. 5 Bac. Abr., Tit. Pleas and Pleadings; Irwin vs. Knox, 10 John. 374; Louw vs. Davis, 13 John. 227; Snider et al. vs. Croy, 2 John. 227; Behrens vs. Sieveking, 2 My. & Cr. 602; Behrens vs. Pauli, 1 Keene, 462; Orcutt

550 SUPREME COURT,

Thornton et al. vs. Campbell's Executor—Opinion of Court.

vs. Orms, 3 Paige, 463; 2 Dan. Ch. Pr. 758. It appears that in this suit, and in the action of detinue, the parties are the same and the purpose the same.

But there are instances forming exceptions to the general rule, in which Courts of Equity, notwithstanding the subject of the suit and the purpose are the same, will, under peculiar circumstances, entertain a bill and grant relief, and we will now consider the grounds relied on by the complainants to exempt the suit from the force of the rule as to former judgments.

It was insisted in argument by the counsel of complainants, as a ground upon which the bill should be entertained, that the complainants were infants when the suit was brought at law. Whether, upon general principles, this would be a sufficient ground to authorize a new suit, it is unnecessary for us to determine here. There is no allegation in the bill that the complainants were minors when they sued at law, nor is there sufficient proof in the record of this fact. But if it were proved, we ought not to consider it, for it is unfair to a defendant that he should be called upon at the hearing to answer to a matter which he was not informed by the bill he must prepare for. The complainants ought to have set up the matter of infancy in their bill, if they intended to avail themselves of it.

Another ground of equitable jurisdiction contended for, is the allegation of the bill that these slaves are family servants, and for that reason are of peculiar value to the complainants. What merit there may have been in an allegation of this kind, had the first suit for the negroes been brought in Chancery, it is also unnecessary for us to determine. We do not think it a sufficient ground to authorize a new suit to be brought in equity. If the jurisdiction of a Court of Chancery is concurrent with that of law, for the purpose of ascertaining the title of the slaves, which

was the object of both suits, the complainants should have brought their first suit in Chancery, had they intended to rely on such ground. The fact existed at the time the action was brought at law, and was known to the complainants, and it would be unjust and vexatious to a party to cause him to defend two suits, when in one the plaintiff could have availed himself of every thing in his favor. If such a proceeding were allowed, the plea of a former judgment would be of little value, for there is hardly any case in which some new matter might not be alleged. See Saunders et al. vs. Frost, 5 Pick. 275.

Another ground on which the complainants contend that this bill should be entertained, is that the merits were not tried in the suit at law. It appears that on the trial of the action of detinue, when the issue was upon the plea of not guilty, the plaintiffs, with other testimony, introduced the trust deed before mentioned, and the court charged the jury " that on the showing of the plaintiffs, it was not competent for them to recover—that the title exhibited by the plaintiffs was variant from that declared on—that the evidence exhibited, if believed by the jury, shewed the title to be in Wesley Adams, trustee, who was only competent to sue in that form of action—that if there was any title in the heirs of Mary Thornton, it should have been asserted in the name of Wesley Adams, or by bill in equity." We are inclined to think this instruction was erroneous, but as we are not called upon to say whether the action was properly brought, we do not decide that point. We regard the instruction in the same light as charges frequently given by the court to the jury, when it advises them of the force and effect of a fact, if established before them. It was but saying to the jury, if you believe the testimony to be true, then the plaintiffs have failed in making out their case ; they have not proved an important fact, a legal estate in

themselves, but have proved one in some one else. Admitting this instruction to have been wrong, and that because of it, the verdict was given for the defendant, was the case tried upon its merits? We think it was. Whenever an issue involving the merits is submitted to the jury, it is a trial on the merits, and a judgment on the verdict in such a case is conclusive against a second suit for the same cause of action, until it is reversed or set aside. Dane's Abridgment, vol. 6, p. 89, was cited as an authority to show that when the plaintiff had misconceived the form of his action, it should be no bar to a subsequent suit for the same cause of action. It will be seen by reference to the authorities cited in the Abridgement that they apply when it is made to appear that upon the face of the pleadings in the former suit, the plaintiff had made a mistake in the *manner* of bringing his suit. But the authorities do not support the proposition that when, as here, a case is once submitted to the jury upon an issue involving the merits of the plaintiffs' claim, and a judgment is rendered on their verdict, a court of law or equity will allow another suit for the same cause of action and the same purpose, upon the ground that the verdict in the first suit was caused by an erroneous instruction of the court to the jury. A judgment, in such a case, is conclusive until reversed or set aside.— There are cases in which items of an account have been sued on in a second action, when the plaintiff was satisfied that the evidence in the first did not sustain them, but in these cases the items were withdrawn or abandoned before the case went to the jury. In such instances, the abandonment of the items was equivalent to a non-suit or a discontinuance, which are no bar to a new action. There are cases also in the New York Reports in which it appears, according to the practice there, that claims may be allowed upon motion and affidavits, and when they are rejected on such

applications, an action may still be brought for them, and the ground for sustaining the new action is, that decisions upon motion and summary application, which do not admit of great discussion or of being subject to a writ of error, are not final and conclusive so as to amount to a *res judi-cata*, and a bar to a renewed consideration of the case.— See Arden vs. Patterson, 5 John. Ch. R., 52, Simson vs. Hart, 10 John. R. 63.

In examining the authorities, we have not met with a case which decides that a plaintiff, after having deliberately submitted his claim to a jury on an issue upon the merits, and a judgment rendered on the verdict has not been reversed or set aside, may be permitted to bring a second suit for the same cause of action. If there is such a decision, we think it cannot be sustained upon principle. There are instances in the books in which it was made palpable that justice had not been done in a suit at law, yet a judgment having been deliberately given, and still in force, a Court of Equity refused to relieve. In Stephenson vs. Wilson, 2 Vern. 325, a verdict and judgment went against the defendant on account of a false plea filed by the attorney at law without direction, but the Court of Chancery would not relieve, though the right was never tried at law. In Protherne vs. Forman, 2 Swanst. 231, a judgment by default had been obtained against a defendant, and he brought his bill to be relieved against the judgment. His counsel insisted that when the justice of the cause is clear, and the merits have not been examined at law, nor submitted to the opinions of a jury, equity would relieve, but the Chancellor held that this was not sufficient to authorize a Court of Equity to interfere. In Hunt vs. Terril's heirs, 7 J. J. Marsh. 67, it appeared that the plaintiff, on demurrer to the evidence, failed in the suit at law, because the Court thought his evidence not sufficient. He then

filed his bill in Equity for the same claim, when the defect in the testimony at law was supplied, and the justice of his case was made clear, but relief was refused.

In this case, as in those to which we have just referred, we think substantial justice has not been done by the suit at law upon the question of the right of complainants to these negroes. We regret that it cannot be done now, but we must be governed by an adherence to principle and a regard for the effect of this decision upon future cases, and not by a wish to relieve against a hardship. Were this suit to be entertained, there is hardly any that has gone off upon a wrong instruction to a jury, for which a second or more suits should not be allowed. The proper course of complainants was, after hearing the opinion of the Court as to the effect of the evidence, to have taken a non-suit before the jury retired, or if they considered the view of the Court erroneous, to have excepted and appealed. Not having done either, but having persisted in letting the case go to the jury, and having allowed the judgment to stand unreversed, and not having set up in their bill any ground of fraud, mistake or surprise, we must hold the judgment at law conclusive of the rights of the complainants to these negroes.

We may properly apply here the language of the court in Gregory vs. Burrall, 2 Ed. Ch. R. 420, where an attempt was made to avoid, by a bill in equity, the decision of a court of law against the plaintiff. "It was made by a court of competent jurisdiction of plaintiff's own choosing, and the form of the action was of such a nature as to let in the whole equity of the plaintiff's case. The right or wrong of the decision is not now in question. If there were error in the judgment, the plaintiff should have sought to correct it elsewhere. It is not the business, nor is it within the province of this court to review it, and while the judgment

remains in force, it is conclusive upon the rights of the parties."

Let the decree of the Circuit Court be affirmed with costs.