## SALOMON *vs.* THE STATE,

### AND

## BOULLEMET *vs.* THE STATE.

[INDICTMENTS FOR BEING CONCERNED IN SETTING UP OR CARRYING ON A LOTTERY.]

1. *When sale of foreign lottery tickets is within statute.*—A resale of a ticket in a lottery not authorized by the legislative authority of this State, by a third person totally disconnected from the lottery, is not a violation of the statute (Code, § 3254), when his previous purchase extinguished all interest or ownership of every agent, conductor, manager, or proprietor in the ticket; but otherwise it is.

2. *Judicial notice taken of general course of business.*—It is the duty of courts judicially to know the general course of the transactions of human life, and whatever ought to be generally known within the limits of their jurisdiction; *e. g.*, the peculiar nature of lotteries, and the mode in which they are generally carried on.

3. *Evidence tending to prove concernment in carrying on lottery.*—Evidence showing that a bookseller in this State, through a series of months, kept on hand in his store tickets in a lottery not authorized by the legislative authority of this State. and at various times sold them ; that he continued to keep such tickets on hand, after having been indicted and convicted for selling them, and instructed his clerk to inform persons applying for such tickets that he could not sell them, and refused as a general thing to sell them, but yet did sell to some persons,—tends to prove that he was concerned in carrying on the lottery.

4. *Burthen of proving his purchase rests on defendant.*—Where evidence is adduced by the State showing that the defendant had sold tickets in a foreign lottery under such circumstances as tend to prove that he was concerned in carrying on the lottery, if the defendant wishes to protect himself on the ground that he had previously purchased such tickets, and that he had no connection with the lottery, the *onus probandi* rests on him ; and if he fails to adduce any evidence of that fact, a charge which assumes that there is such evidence, or which refers to such purchase as a material fact in the cause, is abstract, and may properly be refused, although it assert a correct legal proposition.

5. *Certainty necessary in instructions to jury.*—Instructions to the jury should be direct and certain : a charge which is involved and confused may properly be refused.

From the City Court of Mobile.

Tried before the Hon. Alex. McKinstry.

Indictments for setting up, or being concerned in setting up, or carrying on a lottery, without the legislative authority of this State ; one against A. M. Salomon, found at the May term, 1855, and two against Milton Boullemet, found at the July and November terms, 1855. In each case a bill of exceptions was taken to the rulings of the court, which present the only questions for revision in this court.

In Salomon's case the bill of exceptions is as follows :

" On the trial of this cause, the proof was, that the defendant had sold lottery tickets which purported on their face to be Maryland, Georgia, and Havana lottery tickets ; that he bought said lottery tickets at wholesale, and sold them at retail, making about twenty per cent. profit ; that the buying and selling of said tickets was in said county, within twelve months ; that he kept a store on Royal street, usually called a 'variety and fancy store', and bought and sold said tickets as he bought and sold any other article in his store—to-wit, to make a profit on the same ; that he was not the agent, conductor, manager, or proprietor of any of said lotteries,

and had no interest in any of them ; that he sold tickets on his own account, and not for any agent, conductor, manager, or proprietor of any of said lotteries. The court charged the jury, among other things, 'If you believe that the defendant is shown to have been engaged in the business of buying and selling lottery tickets, of a lottery to be drawn and not authorized by the laws of this State, it would amount to being concerned in carrying on such lottery, if done in the county of Mobile within twelve months previous to the finding of the indictment'; to which charge the defendant excepted."

In Boullemet's cases the bills of exceptions are as follows :

No. 2985.—" On the trial of this cause, it having been proved that the defendant, within twelve months before the finding of the indictment, had sold, at his bookstore, in the county and city of Mobile, lottery tickets in a lottery in the State of Georgia, the defendant proved, on his part, that he purchased said tickets from one Samuel Swan of Montgomery, an agent of said Georgia lottery, and resold them at a profit ; that when he purchased them, they became absolutely his ; that he did not, in the sale of them, act as the agent of the proprietors, or persons who set up said lottery, or of any other person, but bought and sold them on his own account, and for his own sole benefit. Upon this evidence, the court charged the jury, that if they believed from the evidence that the defendant had been concerned in setting up, or in carrying on, a lottery in Mobile county, within twelve months before the finding of the indictment in this case, without the legislative authority of this State, they ought to find him guilty. To this charge the defendant excepted ; and then asked the court to charge the jury, that if they believed from the evidence that he did nothing more concerning such lottery, than to buy some of the tickets thereof and afterwards resell them, without having been a proprietor in said lottery, or a setter up of the same, or an agent of any person interested in the same, *than that* he bought and sold tickets in such lottery on his own account, they ought to find him not guilty. The court refused to give this charge, and the defendant excepted to the refusal."

No. 2984.—" On the trial of this cause, the State introduced one William Reynolds as a witness, who testified, that

he was defendant's clerk, and had been acting in that capacity for several months previous to the finding of this indictment; that defendant kept a bookstore in the city of Mobile; that there was a lottery in the State of Georgia, called the 'Fort Gaines Academy lottery'; that he had seen in defendant's possession, within twelve months, Fort Gaines Academy lottery tickets, and had seen defendant, at various times, sell said tickets at his said store; that this was previous to a former indictment, based upon these facts, on which the defendant stood convicted; that defendant had instructed him, since that time, to inform persons applying for tickets that he (defendant) could not sell them; but that defendant still had such lottery tickets in his possession, and had sold them to some individuals, refusing, as a general thing, to sell them. The State next introduced Levi Langdon as a witness, who testified that he was a proprietor of the Mobile Advertiser, and produced several copies of his said journal, of dates within the last twelve months. In said copies of his journal were advertisements of the intended drawings of the Fort Gaines lottery, signed by Samuel Swan, Atlanta, Georgia, and making no reference to the defendant. The witness stated, that he had contracted with said Swan to publish said advertisement; and did not know the defendant in the business; and that defendant had never had anything to do with said advertisement. This was all the evidence. The court charged the jury, that a sale of lottery tickets in an unauthorized lottery constitutes the offence of being concerned in carrying on a lottery, unless it appears from the evidence that said sale was for the purpose merely of getting rid of said tickets, and not for the purpose of distributing them in this State. The defendant asked the court to charge the jury, that a sale of tickets, purchased from a foreign lottery, by a party having no connection whatever therewith, on his own private account, and for his own individual benefit, is not, in any sense, being concerned in carrying on such lottery; which charge the court refused, and the defendant excepted. The defendant further asked the court to charge the jury, that proof which merely shows a sale of tickets in a foreign lottery, and either does not further show that said sale was made on account and for the benefit of said lottery, whether as proprie-

tor, contractor, agent, or otherwise, or on their behalf, or leaves the same subject to a reasonable doubt, is inadequate to maintain the charge contained in the indictment; which charge the court refused, and the defendant excepted."

R. H. SMITH and A. R. MANNING, for the appellants, cited the following cases : The State v. Scribner, 2 Gill & J. 246; Yates & McIntyre v. O'Neale & Smith, 3 *ib*. 253 ; Mount & Wardell v. Waite, 7 Johns. 440 ; Stephenson v. Higgins, 18 English Law & Equity R. 50 ; 2 Select Cases by Parsons, 467 ; Smith's Commentaries, §§ 725, 738, 739, 741, 743, 747.

M. A. BALDWIN, Attorney General, *contra*, cited Salomon v. The State, 27 Ala. 29, and authorities there cited on brief for the State.

RICE, C. J.—In Salomon v. The State, 27 Ala. Rep. 26, this court decided, that the sale, in this State, of a ticket in any lottery, which had been set up in this State, a sister State, or a foreign State, " without the legislative authority of this State," *for, or on behalf of any agent, conductor, manager, or proprietor* of the lottery, was an indictable offence under section 3254 of the Code. The reason of that decision consists in this: that the person making such sale was, by the very act of making it, carrying on, or concerned in carrying on, the lottery.

Of the correctness of that decision we do not entertain a doubt. But it certainly does not sanction the position, that after such sale has been made to a third person, totally disconnected from the lottery, and after he has become the exclusive owner of the ticket, his subsequent sale of it is an indictable offence. In such a case, the true inquiry is, did any agent, conductor, manager, or proprietor of the lottery have any interest or ownership in the ticket at the time of the subsequent sale, or had all such interest or ownership been extinguished by the previous sale. If the previous sale was, in law and in fact, a sale " out and out " of the ticket, and extinguished all interest or ownership of every agent, conductor, manager or proprietor of the lottery in the ticket, then the subsequent sale would not be an indictable offence ; otherwise it would be.

The tickets in a lottery belong to its managers, proprietors, or conductors, until they are sold or given away. The lottery cannot carry on itself, but is necessarily carried on by its proprietors, conductors, or managers, or by agents appointed by them. The sale of tickets is part of the carrying on. "It is the duty of courts judicially to know what is the general course of the transactions of human life," and "whatever ought to be generally known within the limits of their jurisdiction."—1 Greenlf. Ev., § 6; Duncan v. Littell, 2 Bibb's Rep. 424. In view of the peculiar nature of lotteries, and of the mode in which they are generally carried on, we lay down the following propositions: Evidence that a bookseller in this State, through a series of months, kept on hand in his bookstore tickets in a lottery not authorized by the legislature of this State,—that he had at various times sold such tickets in his bookstore; that after he had thus sold some of such tickets he had been indicted and convicted therefor; that *after such conviction* he continued to keep on hand in his store tickets of the same lottery, and instructed his clerk to inform persons applying for such tickets that he (the bookseller) could not sell them, and refused, as *a general thing*, to sell them; but that, notwithstanding all this, he did sell such tickets to some persons,—certainly tends to prove that he was concerned in carrying on the lottery. And where evidence of that description, and having that tendency, has been adduced by the State, on the trial of an indictment for carrying on or being concerned in carrying on a lottery contrary to the provisions of section 3254 of the Code, if the defendant wishes to defend himself, upon the ground that he had purchased the tickets for selling which he is indicted, and that he had no connection with the lottery, the burthen of proving such purchase is on him; and if there is no evidence of such purchase, a charge asked by him, which assumes that there is evidence of such purchase, or which refers directly to such purchase as a matter of some consequence in the case, is abstract, and may for that cause be refused, although the legal proposition asserted in it is correct.—See 1 Greenlf. Ev. (5th edition), §§ 36, 74, 79, 83; and the notes to sections 36 and 79.

Applying the views above expressed to the three cases now under consideration, the result is as follows: The judgment

of the court below in the case of Salomon v. The State, is reversed and remanded, for the error in the charge of the court below. The judgment in Boullemet v. The State, No. 2985, on the first division, is reversed and remanded, for the refusal of the court below to give the charge asked by the defendant; the judgment in Boullemet v. The State, No. 2984 on said division, is affirmed. In the case last mentioned, no exception was taken to the charge given; and the first charge asked by the defendant was abstract, and therefore properly refused. The other charge asked by him is too involved and confused. Charges to the jury should be direct and certain. Cothran v. Moore, 1 Ala. Rep. 423. There was no error in refusing either of these charges.