# ROBBINS *vs.* HARRISON.

[ACTION UNDER CODE ON COMMON COUNTS IN ASSUMPSIT.]

1. *Splitting cause of action.*—An indivisible demand cannot be split up into several causes of action ; but a demand for money loaned, and a demand for the price of a chattel sold and delivered, are separate and distinct claims, on which two actions may be maintained.

2. *Plea of former recovery.*—A judgment for or against the plaintiff, in an action for money loaned, is no bar to a subsequent action to recover the price of a chattel sold by him to defendant, although the two claims were existing at the same time.

3. *Conclusiveness of judgment on set-off.*—A defendant, having a cross demand against plaintiff, may use it as a set-off, but is not bound to do so ; consequently, the judgment is not conclusive on such demand, unless it was pleaded as a set-off.

4. *Ambiguous charge on effect of judgment as evidence.*—Conceding that the institution of a suit on one demand, by a party having two distinct demands existing at the same time against the same person, would be relevant evidence for the defendant, in a subsequent action on the other demand, as tending to prove a discharge of that demand; yet the court may refuse to instruct the jury, at the defendant's request, that they might look to the former suit " as evidence to show that the claim sued on had been settled."

5. *Delivery of goods and payment on contract of sale.*—A sale of chattels is presumed to have been made for cash, unless some credit is agreed on, and the purchaser cannot demand a delivery of the goods without making payment; but a presumption of payment does not arise from the mere fact of delivery, where nothing is said as to the time of payment.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Richard K. Harrison, against Simeon Robbins, to recover $180 "due from defendant by account on the 1st January, 1850, for two mules and a horse; also, the further sum of $500 for work and labor; also, the like sum for cash advanced by plaintiff, for defendant, and at his request." The defendant pleaded *non assumpsit*, payment, set-off, and former recovery. On the trial, as appears from the bill of exceptions, "the plaintiff proved that, during the year 1850, he sold to defendant two mules and one horse, at the price of $60 each; but the witness said that he had no knowledge or information whether or not the defendant paid for them. The defendant then offered in evidence the record of a judgment from the circuit court of Lowndes county", which is appended as an exhibit to the bill of exceptions, "showing that, in 1851, plaintiff commenced an action against him, before a justice of the peace of said county, to recover the sum of $10 loaned money; that the case was taken by appeal to the circuit court, and that the defendant, under the plea of set-off, there recovered a judgment of $12 68. The defendant offered in evidence, also, the record of a judgment from the circuit court of Autauga county, in his favor, and against the plaintiff in this action, for $201 44 ", which is also made an exhibit to the bill of exceptions, showing that the action, which was assumpsit, was commenced in April, 1851, and was founded on several promissory notes and an open account;

and that the judgment was rendered, on the verdict of a jury, at the spring term, 1853; but on what issue the cause was tried, or what pleas were interposed, does not appear.

"This was all the testimony adduced on the trial, and thereupon the defendant requested the court to instruct the jury,—

"1. That if they believed from the evidence that the claim sued on in this case was due before the institution of the suit before the justice of the peace in Lowndes county, then the plaintiff would not be entitled to recover in this action.

"2. That the jury may look to the suit brought by plaintiff before the justice of the peace in Lowndes county, as evidence to show that the claim here sued on had been settled, should they believe that the plaintiff's claim in the present action was due before the suit in Lowndes county was instituted.

"3. That, although they might believe all the evidence offered by the plaintiff, the plaintiff was not entitled to recover.

"4. That if they believed all the evidence in the case, plaintiff could not recover."

The rulings of the court in refusing to give these charges, to which exceptions were reserved by the defendant, are the only matters now assigned as error.

J. D. F. WILLIAMS, and WM. M. BYRD, for appellant.

GEO. W. GAYLE, and WATTS, JUDGE & JACKSON, contra.

WALKER, J.—An indivisible and entire cause of action cannot be split up into several causes of action; and therefore, a recovery upon a part of such entire cause of action will bar a suit upon the residue. But, where a party has two separate and disconnected causes of action against the same person, he may bring separate suits upon them; and a recovery, or a failure to recover, upon one, will not defeat a recovery upon the other in a different suit.—Wittick v. Traun, 27 Ala. 562; O'Neal v. Brown, 21 Ala. 482; Oliver v. Holt, 11 Ala. 574; De Sylva v.

Henry, 3 Porter, 321; Locke v. Miller, 3 S. & P. 14; Louw v. Davis, 13 John. 227; Brockway v. Kinney, 2 John. 210; Rex v. Sheriff, 1 B. & Adol. 672, (20 E. C. L. 466;) Badger v. Titcomb, 15 Pick. 409; Colvin v. Corwin, 15 Wend. 557.

The plaintiff's claim for ten dollars, on account of money loaned, and his claim for one hundred and eighty dollars, on account of the sale of two mules and a horse, were separate and distinct causes of action; and a judgment for or against the plaintiff, in a suit for the recovery of the former, would be no defense to a subsequent suit upon the latter claim.

A defendant, having a right of set-off, or cross action, may, at his election, bring it forward in the suit against him, or bring an independent suit upon it. The rule that a judgment is conclusive, not only as to every matter determined, but as to every matter which might have been set up as a defense to the cause, does not include rights of set-off. A defendant is not bound to plead his set-off; though, if he pleads it, a decision against him is conclusive. See Guen v. Governeur, 1 John. Cas. 501; Phinney v. Earl, 9 John. Rep. 352; Minor v. Walter, 17 Mass. 238.

It follows that the omission of the plaintiff to bring forward his claim sued upon in this case, as a defense to the defendant's action against him in the circuit court of Autauga county, would not bar the present action.

It may be that the fact of the plaintiff's having brought a previous suit upon another demand, omitting the demand in this case, though due, would be admissible evidence, as conducing to show a discharge of the demand in this case. It would certainly, however, be entitled to but slight influence upon the question of payment or settlement; especially where, as in this case, the demand first sued upon was within a justice's jurisdiction. But the second charge asked was not that the former suit was evidence conducing to show that the demand sued upon was settled; but that the former suit was evidence to which the jury might look to show that the demand was settled. The meaning of this charge is ambiguous. It is susceptible

of the construction, that the jury might regard the evidence as actually showing a settlement of the demand. The charge was certainly ambiguous, and calculated to mislead the jury; and, therefore, the court did not err in its refusal.—Partridge v. Forsyth, 29 Ala. 200; Salomon v. The State, 28 Ala. 83.

When no credit is agreed upon, a sale of chattels will be regarded as having been made for cash; and the purchaser will not be entitled to delivery, as a matter of right, without making payment. But a presumption of payment does not arise from the mere fact of delivery, when nothing is said as to whether the sale is for cash or on credit. Such a presumption would impose upon the seller, in every case, the *onus* of proving a negative—that a payment was not made.

What we have said disposes of the several questions in this case, and leads us to the conclusion, that there was no error in the charges given, or in the refusals to charge as shown in the bill of exceptions.

The judgment of the court below is affirmed.

STONE, J., not sitting.