# Ex Parte Tompkins.

## Application for Mandamus.

1. *Solicitor's fee for conviction for selling lottery ticket; what law governs.*— On indictment under § 4445 of the Code, in the form prescribed "for setting up or being concerned in a lottery," &c., a conviction may be had for the illegal sale of a lottery ticket on behalf of the manager, and the solicitor's fee may be taxed under that section; but where departing from the Code form, the indictment, or count remaining after a *nolle pros.*, pursues the language of a subsequent statute (now § 4446 of Code) making it a specific offense "to

act for, or represent any other person in disposing of" a lottery ticket, it is an election to proceed under the latter statute, and on conviction, the solicitor's fee must be taxed under it, though both offenses are punished alike.

This was an application by John R. Tompkins, solicitor of the 6th Judicial Circuit, for a *mandamus* to be directed to the judge of the City Court of Mobile (Hon. O. J. SEMMES) to compel him to vacate and annul a certain order, retaxing the costs in the case of *The State v. Eneas Loughry.* The opinion states all the facts material to the application.

JOHN R. TOMPKINS, *pro se.*—The second count was a good count under § 4445 of the Code. It charged facts which authorized a conviction for that offense on indictment under it.—*Solomon v. The State,* 27 Ala. 26. The form in which that count was drawn, does not necessarily show that it was framed under § 4446 of the Code. So the substance of that statute is followed in all essential particulars, it is immaterial whether the form in the Code is followed. The offenses, in both sections, are punished alike.

BRICKELL, C. J.—The Code of 1852, § 3254, provided that "any person setting up, or concerned in setting up or carrying on any lottery, without the legislative authority of this State, must, on conviction, be fined not less than one hundred, or more than two thousand dollars." A form of indictment was prescribed, simply charging in the alternative as was authorized, when an offense could be committed by different means, "that the defendant set up, or was concerned in setting up, or carrying on a lottery, without the legislative authority of this State," &c. In *Solomon v. State,* 27 Ala. 26, it was held that a sale in this State of a ticket in a lottery to be drawn in a foreign country, or in a sister State, for or on behalf of an agent, or a conductor, or manager of such lottery, was a violation of the statute for which a conviction could be had under the form of indictment prescribed. The statute was re-enacted with this construction introduced into it, by the Penal Code of 1866, and became § 3616 of the Revised Code of 1867, and the same form of indictment was preserved. The Code of 1876, (§ 4445), contains the statute and the same form of indictment. In 1876 the Legislature enacted a statute against selling lottery tickets, or gift enterprise tickets, which, with other things, punishes the person "who shall act for or represent any other person in selling or disposing of any such ticket," as the former statute punished the setting up or being concerned in setting up a lottery.—Code of 1876, § 4446. The form of indictment under this latter statute is not prescribed,

An indictment was found in the City Court of Mobile against Eneas Loughry, which contained three counts. The first is in the statutory form, charging him with setting up, or being concerned in setting up or carrying on a lottery. The second, charging him with selling or disposing of a lottery ticket. The third, charging him with acting for or representing another person in selling or disposing of a lottery ticket. A *nol. pros.* was entered as to the first and second counts, and the defendant pleading guilty as to the third count, on which there was a conviction, a fine of one hundred dollars assessed by the jury, and a judgment for fine and costs. The clerk taxed a fee of one hundred and fifty dollars for the solicitor, the fee allowed for a conviction under § 4445 of the Code. On a motion for a retaxation of costs, the court ordered that a fee of seven dollars and a half only be taxed for the solicitor, holding the conviction was not under § 4445 but under § 4446.

It is not necessary to inquire whether the third count of the indictment, though in the exact words of the last clause of § 4446 of the Code, does not embrace an offense, which fell within and was punishable under § 4445. This may be conceded, and it may be conceded that § 4445 and § 4446, covering the same ground, not in any of their provisions inconsistent, may well subsist together, the latter not repealing the former enactment. But when the State departed from the form of indictment prescribed for violations of the former enactment, and framed an indictment for a specific offense denounced in the later statute, by the form of indictment excluding evidence which would have been admissible under the statutory form, it was an election to proceed on the later, and not on the former statute. It is not unusual in practice, when the later statutes do not repeal former, for the prosecutor to elect to proceed under the one rather than under the other.—Bishop on Stat. Crimes, § 164. The prosecuting officer having elected to proceed for a conviction on a count manifestly framed under § 4446, and not under § 4445, was not entitled to the fee for a conviction under the latter section. Statutes allowing costs are penal, and must be construed strictly. No fee can be taken, unless it is expressly provided by law.—Code of 1876, § 5017; *Dent & Magruder v. State*, 42 Ala. 514. There may be no reason for the disproportion in the fee of the solicitor, on convictions had under these sections. That is not matter for the consideration of courts.

The application for a mandamus is denied at the costs of the petitioner.