2 

3 UNITED STATES DISTRICT COURT 

4 DISTRICT OF NEVADA 

5 * * * 

6 CLIFFORD WAYNE MILLER, Case No. 3:19-cv-00673-MMD-WGC 

7 Petitioner, ORDER 
 v. 
8 

9 STATE OF NEVADA, et al., 

10 Respondents. 

11 

12 I. SUMMARY 
13 This habeas matter is before the Court on Petitioner Clifford Miller’s application to 
14 proceed in forma pauperis (“IFP”) (ECF No. 3) and motion for appointment of counsel 
15 (ECF No. 4). For the reasons discussed below, the Court denies the IFP application and 
16 motion for appointed counsel and directs Petitioner to pay the filing fee within 30 days. 
17 II. IFP APPLICATION 
18 Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any 
19 person who is unable to prepay the fees in a civil case may request permission to proceed 
20 IFP. Indigent prisoners who do not have the money to pay the $5 filing fee for a § 2254 
21 habeas petition may apply for IFP status. A prisoner’s IFP application must be submitted 
22 on the form provided by the court and include specific financial documents. 28 U.S.C. 
23 § 1915; LSR 1-1, LSR 1-2. 
24 After considering the IFP application, the Court finds that Petitioner is able to pay 
25 the $5 filing fee. In particular, the Court notes that Petitioner’s financial certificate states 
26 that he has a current balance of $2,881.52 in his inmate trust account and he receives 
27 average monthly deposits of $443.32. (ECF No. 3 at 5.) The IFP application will therefore 
28 be denied. Petitioner will have 30 days from the date of this order to have the $5 filing fee 
2 III. MOTION FOR APPOINTMENT OF COUNSEL 
3 Petitioner seeks the appointment of counsel to assist him in this habeas 
4 proceeding. There is no constitutional right to appointed counsel in a federal habeas 
5 corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. 
6 Florida, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief 
7 under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief.1 
8 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the 
9 interests of justice so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require 
10 “when the complexities of the case are such that denial of counsel would amount to a 
11 denial of due process.” Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). In the 
12 absence of such circumstances, a request for counsel in a § 2254 proceeding is 
13 addressed to the sound discretion of the district court. Id. (citing Dillon v. United States, 
14 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas petitioner has a good understanding 
15 of the issues and the ability to present forcefully and coherently his contentions, no 
16 attorney is legally required. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). 
17 Petitioner’s motion, submitted on a prison form, argues that the complexities of the 
18 issues in relation to his lengthy sentence implicate a need for counsel to promote fairness 
19 and justice. (ECF No. 4.) He asserts that he is unable to afford counsel and his 
20 incarceration will impede his ability to pursue his habeas claims. Counsel would assist 
21 Petitioner in presenting substantive and procedural issues and ease the Court’s task of 
22 discerning the issues. The motion indicates that additional facts are attached to the form 
23 in support of Petitioner’s request; however, nothing was submitted with the motion. 
24 Here, Petitioner has not established that the interests of justice require the 
25 appointment of counsel. Petitioner’s petition states multiple cognizable grounds for relief. 
26 

27 1An “indigent” petitioner is a person “who is too poor to hire a lawyer and who, upon 
 indictment, becomes eligible to receive aid from a court-appointed attorney and a waiver 
28 
 of court costs.” Black’s Law Dictionary (10th ed. 2014). 
2 and legal issues raised are not especially complex. Since commencing this habeas action, 
3 Petitioner has submitted multiple filings and has demonstrated sufficient ability to write 
4 and articulate his claims. Although Petitioner’s lengthy sentence might weigh in favor of 
5 counsel, he has not substantiated the bare allegation that the substantive and procedural 
6 issues in this case are too complex for his comprehension and abilities. He does not allege 
7 that any medical or mental health condition affect his ability to represent himself. As to 
8 discovery, the Court’s review of a 28 U.S.C. § 2254 petition is generally limited to the 
9 record that was before the state courts. Cullen v. Pinholster, 563 U.S. 170, 181–82 (2011). 
10 At this juncture the Court cannot determine whether circumstances exist in this case that 
11 would nonetheless justify a grant of discovery, and the Court will not appoint counsel 
12 based on a speculative possibility of discovery. In addition, the Court has denied 
13 Petitioner’s IFP application because he has the ability to pay the filing fee. Thus, he has 
14 not demonstrated indigency as required for appointment of counsel. In sum, Petitioner has 
15 not shown that denial of counsel would violate due process, and the motion is denied. 
16 IV. CONCLUSION 
17 It is therefore ordered that Petitioner’s application to proceed in forma pauperis 
18 (ECF No. 3) and motion for appointment of counsel (ECF No. 4) are denied. 
19 It is further ordered that Petitioner must pay the $5 filing fee within 30 days of the 
20 date of this order. 
21 It is further ordered that the Clerk of Court is directed to mail Petitioner two copies 
22 of this order. Petitioner must make the necessary arrangements to have a copy of this 
23 order attached to the check for the filing fee. 
24 /// 
25 /// 
26 /// 
27 /// 
28 /// 
1 Finally, it is further ordered that Petitioner’s failure to timely comply with this order 
2 || will result in the dismissal of this action without further advance notice. 
3 DATED THIS 21* day of November 2019. 
A 7 ~ 
5 ALA 
6 □□□□□□□□□□□□□□□□□□□□□□ 
; CHIEF UNITED STATES DISTRICT JUDGE
9 
10 
11 
12 
13 
14 
15 
16 
17 
18 
19 
20 
21 
22 
23 
24 
25 
26 
27 
28