FRANKENHEIMER *vs.* SLOCUM & HENDERSON.

1. An ancillary attachment, sued out after the Code went into operation, in a suit commenced by ordinary process under the old law, is a part of the original suit, and must conform to the provisions of the old law.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. JOHN A. CUTHBERT.

THE appellant sued Slocum & Henderson in *assumpsit*, the writ being issued on the 11th of March, 1852. Afterwards, on the 24th of January, 1853, he sued out an ancillary attachment in the cause, which, on motion of the defendants, was quashed, because the affidavit was made before an officer (the circuit judge) who was not authorized by law to administer the same; and this judgment is now assigned for error.

R. C. TORREY, for appellant.
S. J. CUMMING, *contra.*

CHILTON, C. J.—The question presented by the record in this case is, whether, if an action be commenced by ordinary process before the Code went into operation, and an ancillary attachment be sued out afterwards, such latter proceeding should be governed by the Code, or should issue in conformity to the old law, which, it is admitted, must govern the principal action.

It is provided by the old law, that when such attachment, affidavit and bond shall be returned, they shall be filed with the papers in the original suit, and shall constitute a part thereof, and the plaintiff in said suit may proceed to judgment as in other cases, and the original suit shall not be delayed.—Clay's Digest, p. 63, § 34. The same section authorizes the judge of the Circuit Court to issue such attachments.

It is declared by section twelve of the Code, that "No action or proceeding commenced before the adoption of this

Code is affected by its provisions." In Mazange v. Slocum & Henderson, at the last term, 23 Ala. 668, we held, that actions and proceedings commenced before the Code took effect, are governed by the old law, as to all continuous proceedings had in the court in which they are pending ; but that proceedings in the nature of a new action, although predicated upon the determination of the court had under the old law, if commenced after the Code went into operation, must conform to its provisions.

In our opinion, the ancillary or auxiliary attachment, authorized by the old law to be issued in certain cases, in aid of the suit then pending, must be regarded as a part of the original suit; for such is the language of the statute, and being part of it, is subject to the law which governs it. The concluding clause of the tenth section, which provides that "All acts of a public nature, designed to operate on all the people of the State, not embraced in this Code, are hereby repealed," must be taken with the exceptions and limitations provided in the Code itself; for, if the old law is not to govern as to actions commenced before the Code went into operation, and which remain unaffected by the new law as provided by the twelfth section, there would remain no law to govern them ; which would be absurd.

The argument that this construction would require that the jury must be summoned and empannelled according to the old law, for the trial of actions pending before the Code went into operation, cannot be supported. This relates to the organization of the court for the public administration of justice generally, and cannot, with any propriety, be said to be a proceeding in any particular cause.

Let the judgment be reversed, and the cause remanded.