## BROWN *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

27   47
123   45

1. *Charge dispensing with proof of venue, erroneous.*—Where the evidence, as set out in the bill of exceptions, did not show that the venue was proved; and "upon this state of facts, the court charged the jury, that if they believed the evidence, they must find the defendant guilty:" *Held,* that the charge was erroneous, because it authorized the jury to find the defendant guilty without any proof that the offence was committed in the county in which the indictment was preferred ; and for this error the judgment of conviction was reversed, and the cause remanded.

2. *Country store-house is a public house, and prima facie an entirely.*—A store-house in the country is a public house, within the meaning of the statute against gaming, (Code, § 3243) ; and if it consists of two rooms, one above the other, and the owner controls both, while he uses the lower room as his store, the upper room also is within the prohibition of the statute, unless it affirmatively appears that it is not used as an appendage to the store, nor in the prosecution of its business, nor in connection with the store for the convenience and accommodation of the owner, his employees or customers, but is occupied for some justifiable private purpose, entirely disconnected from the business of the store, or the convenience of the customers.

FROM the Circuit Court of Barbour.

Tried before the Hon. NAT. COOK.

THE appellant and three other persons were indicted at the January term, 1854, of the Barbour Circuit Court, for gaming; the indictment being in the general form allowed by the Code.—See Form No. 69, p. 707. On the trial of the case, "the State proved, that the defendants played a game of

cards; that the place where said playing took place was in a room over a country store; that said room was entered on the outside by steps, and was disconnected from the store; that the furniture of said room consisted of some chairs and a mattress; it was sometimes used as a sleeping place by the proprietor of the store, who kept the key of said room; that no goods of any description were kept or sold in said upper room, but that sometimes, when the store was crowded, persons who wished to adjust their accounts in private went up, by special permission, for that purpose; but that such persons never went up while the defendants, or any other persons, were playing cards there. It was shown that goods and merchandise were sold in the store beneath, but not that any spirituous liquors were sold or given away there. When the playing took place, the door of the upper room was closed and locked, and nobody was allowed to enter, except upon being recognized and approved, nor could anybody enter without permission; all others were refused admission. It was not shown that there was any passing in or out of said room during said playing, except that one witness swore that he knocked at the door, and, upon making himself known, was allowed to enter. Only four or five persons were present at the playing, which took place with the assent of the proprietor, who furnished the defendants with the key for that purpose. It was shown, also, that persons playing in said upper room could not be seen from the road, nor from the outside, and that there was no communication between the store and said upper room, by door or otherwise.

"Upon this state of facts, the court charged the jury, that the place where the playing took place was a public house, within the meaning of the statute, and that, if they believed the evidence, they must find the defendant guilty." To this charge the defendant excepted, and he now assigns it for error.

E. C. BULLOCK, for the appellant, contended,—

1. That this case is not covered by Johnson v. The State, 19 Ala. 527, where a room similarly situated was held within the prohibition of the statute; because, there, the decision was made to rest on the fact that spirituous liquors were

retailed in the lower room, and the object of the statute was to disconnect gaming from tippling houses ; but here, "it was not shown that spirituous liquors were sold or given away" in the lower room.

2. That it is not covered by either of the cases decided at the last term—Windham v. The State, 26 Ala. 70, and McCauley v. The State, *ib.* 135. The room where the playing took place was entirely disconnected from the store beneath it. The store itself, like the warehouse room and the lawyer's office, was a public house, to which the public might go as matter of right ; but the room above was a private house, to which they could not go without special permission. Suppose a lawyer or merchant has his office or store in the lower story, while the family of another person resides in the second story ; could it be contended that the entire building was a public house, and that the upper room was within the prohibition of the statute ? Suppose the family of the lawyer or merchant himself resides in the upper room ; does it thereby lose its private character, and become a public house ? Suppose the lawyer or merchant is an unmarried man, and has a private establishment over his office or store ; does not the same principle still apply ? can he be denied the sanctity of private life, in another part of the house, because he happens to keep an office or a store ? The character of the room—its privacy or publicity—must be determined from the uses to which it is applied, and from them alone.

M. A. BALDWIN, Attorney General, *contra*, contended that the charge of the court was fully sustained by the principles laid down in Windham v. The State, 26 Ala, 72, and Johnson v. The State, 19 *ib.* 527 ; and he also cited Commonwealth v. Saunders, 5 Leigh's R. 751 ; State v. Terry, 4 Dev. & Bat. 186.

RICE, J.—The charge is erroneus, because it authorized the jury to find the defendant guilty, without any proof that the offence had been committed in the county in which the indictment was preferred.—Code, § 3514 ; Rowland v. Ladiga, 21 Ala. R. 9.

For this error, we are bound to reverse the judgment,

4

whether there is error in any other particular or not.  As
the case must be remanded for another trial, we deem it
proper, in view of the facts shown in the bill of exceptions, to
state, explicitly, that we do not intend to depart from or im-
pair the decisions of this court made in Johnson v. The State,
19 Ala. R. 527, and in Windham v. The State, 26 *ib.* 69.

One of the plain results of those decisions is, that a store-
house in the country is a " public house", within the meaning
of section 3243 of the Code.  Another is, that where the
house consists of two rooms, one over the other, and the
owner controls both, and uses the lower room as his store, the
upper room is within the prohibition of said section, unless it
affirmatively appears that it is not used as an appendage to
the store, nor in the prosecution of its business, nor in con-
nection with the store for the mere convenience or accommo-
dation of the owner, his employees or his customers, but is
occupied for some justifiable private purpose entirely discon-
nected from the business of the store or the convenience of its
customers.

A house consisting of two rooms, one above the other, un-
der the control of one and the same person, is, *prima facie*, an
entirety.  If the lower room is a " public house" within the
prohibition of said section, the upper room is, *prima facie*,
within the prohibition.  Proof that the lower room is a
" public house", raises the presumption that the upper room
is within the prohibition ; yet this presumption is not *conclu-
sive*, but may be overthrown by proof that it is not consistent
with the real truth of the case.

For the error above mentioned, the judgment is reversed,
and the cause remanded.