LEWIS L. CATO, for the appellant.

M. A. BALDWIN, Attorney General, *contra.*

RICE, C. J.—In Huffman v. The State, at the present
term, upon a re-examination of the cases of Windham v. The
State, 26 Ala. 69, and Brown v. The State, 27 Ala. 47, we
announced our determination to adhere to the exposition of
section 3243 of the Code contained in them. Upon the au-
thority of those cases, we affirm the judgment in the present
case.

---

## HUFFMAN *vs.* THE STATE.

### [INDICTMENT FOR GAMING.]

1. *Charge dispensing with proof of venue, erroneous.*—Held, on the authority of
   Brown's case, 27 Ala. 47, that a charge which instructed the jury " that, if
   they believed the evidence, they must find the defendant guilty," when the
   bill of exceptions purported to state all the evidence, but did not show
   that the venue was proved, was erroneous.
2. *Construction of statute (Code, §3243) against gaming.*—Windham's case, 26 Ala.
   69, and Brown's case, 27 *ib.* 47, as to construction of statute against gaming,
   re-affirmed.

FROM the Circuit Court of Coosa.

Tried before the Hon. GEO. D. SHORTRIDGE.

INDICTMENT against Henry A. Huffman, in the general form prescribed by the Code, for gaming. The bill of exceptions, sealed on the trial at the instance of the defendant, is as follows: "The State introduced a witness, who testified, that he had seen the defendant, with five others, within twelve months previous to the finding of the indictment, playing cards in the defendant's bed-room ; that the doors were locked, the windows closed, and cloth hung over the key-holes, and over every crack through which a person could peep in or see them ; that he had seen defendant playing there several times ; that the playing was always at night, and no person ever came there except those who were invited by the proprietor, who was the defendant, and none but the persons whom he saw playing ; that there were no persons looking on ; that the public never went there ; that no one had a right to go there, except those who were invited there by the defendant ; that they played merely for amusement ; that the bed-room was attached to defendant's store, in which there was a post office, and communicated with the store by a door, which was bolted at the time of the playing ; that there was but one other door in the bed-room, and that was an outside door ; that those who were invited came into the room through the outside door ; that there was a shed, divided into two rooms, on one side of the main store-house ; that in one of those rooms, a year or two before the finding of the indictment, he had seen liquor, in bottles and decanters, behind a counter, but he could not recollect that he had ever seen drinking done there ; that the only communication between that room and the store was by a door leading into the other shed room, and a door in the wall between that room and the store ; that there was no communication between the bed-room and the room in which he had seen liquor, except through the store ; and that whenever the playing was going on, the store was closed and locked; and also the liquor room. It was in evidence that there was a licensed retailer in Buyckville, the place where the house was in which the gaming was done ; and the witness testified, that the man who owned the liquor in the shed room was not the owner of the store—was not the defendant.

"This was all the evidence in the case. The court charged

the jury, that, if they believed the evidence, they must find the defendant guilty ; to which the defendant excepted."

ELMORE & YANCEY, for the appellant.

M. A. BALDWIN, Attorney General, *contra*.

RICE, C. J.—The charge of the court authorized the jury to find the defendant guilty, without any proof that he had ever played at a game with cards in the county in which the indictment was preferred. For the error of the charge in this respect, the judgment must be reversed, and the cause remanded.—Brown v. The State, 27 Ala. Rep. 47.

It is due to the able counsel for the defendant, to say that we have carefully considered the argument made against the exposition of section 3243 of the Code which is contained in Windham v. The State, 26 Ala. Rep. 69, and Brown v. The State, 27 Ala. 47 ; and that we are unanimous in the opinion, that we ought to adhere to the construction given by those cases to that section.—State v. Terry, 4 Dev. & Batt. 186.

Judgment reversed, and cause remanded.