## SPAIGHT *vs.* THE STATE.

[INDICTMENT FOR KEEPING TEN-PIN ALLEY WITHOUT LICENSE.]

1. *Charge dispensing with proof of venue, erroneous.*—Where the bill of exceptions professes to set out all the evidence, and does not show that the venue was proved, a charge to the jury, "that if they believe the evidence they must find the defendant guilty," is erroneous.
2. *Construction of statute requiring ten-pin alley to be licensed.*—A ten-pin alley at a public watering-place, kept by the proprietor for public play, though used solely for amusement by his guests, without charge to them or profit to himself, is within the prohibition of the revenue law.

FROM the Circuit Court of Shelby.
Tried before the Hon. NAT. COOK.

THIS indictment charged that the defendant "kept a ten-pin alley for public play, against the peace and dignity of the State," &c. The evidence adduced on the trial, as set out in the bill of exceptions, was as follows: "The State introduced evidence, showing that the defendant was the owner and proprietor of a certain watering-place known as 'Shelby Springs'; that he kept a ten-pin alley, within one year before the finding of the indictment, without having obtained a license for the same; that, during the summer months, he entertained such of the public as chose to resort to said watering-place; and that his guests were allowed to play on said alley. The defendant then introduced evidence, showing that said ten-pin alley was not kept for pay, and no charge was made against those who played upon it; that it was used solely for the exercise and amusement of his guests; that it was known as the 'ladies' alley,' and was used by gentlemen only when accompanied by ladies; that it was built especially for them, and they were generally the princi-

pal players; that all betting on any game played on said alley was strictly prohibited; that no profit was realized from it by the owner; and that strangers and the public, other than guests, were excluded from participating in the amusements or benefits of said alley.

"This being all the proof, the court charged the jury, that. if they believed the evidence, they must find the defendant guilty; to which charge the defendant excepted."

WATTS, JUDGE & JACKSON, for the appellant.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—There being in this record no evidence that the offense charged was committed in Shelby county, the judgment of the circuit court must' be reversed, on the authority of Brown's case, 27 Ala. 47, and Huffman's case, 28 Ala. 48.

The indictment is framed under the Code, section 397, subdivision 6. The act of 1852, section 4, (Pamph. Acts, p. 3–4,) does not, on this subject, change the above section of the Code, further than to declare that at the same rate per annum, " a license may be obtained for a ten-pin alley at any watering-place for *six months.*"

For the appellant it is contended, that although the ten-pin alley in this case was kept for "public play," and the case is thus brought within the *letter* of the statute, it is not within its *spirit*, because it can not be supposed that the legislature intended to trench upon innocent amusements.

The language of the section referred to, furnishes a complete answer to this argument. It provides, that licenses may be "granted and issued" for various pursuits and purposes, classed under seventeen subdivisions. Fourteen of the seventeen subdivisions, including the one under discussion, omit all mention of *profit* or *emolument* as an ingredient of the offense, while the remaining three, viz., those numbered 7, 12 and 13, are merely innocent amusements, unless conducted "for profit." Again; subdivision 6 fixes the price of a license " to keep a ten-pin alley, or alley of the like kind." Immediately succeeding this, subdivision 7 provides for obtaining a license " to keep any other table, stand or place,

for any other game or play, with or without a name, for one year, unless for *exercise or amusement* only, and not prohibited by law," &c. The express limitation in the 7th paragraph raises an insuperable implication against such limitation in the 6th. We feel bound to adhere to the letter of the statute.

For the error above pointed out, the judgment of the circuit court is reversed, and the cause remanded.