## HUFFMAN *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Conclusiveness of judicial decisions.*—An opinion of the supreme court is the law of the case in which it is pronounced until its final determination.
2. *Country store-house is public house.*—A country store-house is a public house, within the prohibition of the statute against gaming; and where it consists of two rooms, of which the front one only is used for the purposes of the store, the fact that the back room is used only as a bed-room by one of the proprietors of the store, an unmarried man, and not for the purposes of the store, does not take it out of the prohibition.

FROM the Circuit Court of Coosa.

Tried before the Hon. E. W. PETTUS.

THE bill of exceptions in this case is as follows:

"On the trial of this case, the State introduced a witness named Spigener, who testified, that the defendant, with four other persons, played at a game with cards in this county, within one month before the finding of the indictment; that the playing took place at a house in Buyckville, consisting of four rooms, two in the main body of the building, and two shed-rooms; that the largest room was, at the time of the playing, used as a retail dry-goods store; that the room in the rear of the store-room, in which the playing occurred, was used as a bed-room by the defendant; that one of shed-rooms was used as a lumber-room for the store-house, and the other, which adjoined the bed-room, was used for the retail of spirituous liquors, by a person to whom the owners (Huffman & Spigener) had rented it; that said Huffman & Spigener, of which firm defendant was a member, the other partner being a brother of witness, had no interest in, or control over, the room in which the liquors were sold, but was engaged in selling dry goods in the store-room; that the defendant acted as salesman in the store; that the back room, in which the playing took place, was divided from the store-room by a frame partition, in which there was

a door; that these two rooms were under the same roof; that there was a door leading from the back room into the back yard, but none leading into the grocery; that there was a fire-place in said back room, but none in the store-room; that said back room was used by defendant as his bed-room, and for no other purpose; that nothing was kept in it, except his wardrobe, a bed and bed-clothes, a water-basin, and an old desk; that none of the articles sold in the store, or kept for sale, were ever deposited in said room; that no customer ever went into it, or used it; that defendant kept the key of it in his pocket, and kept it locked nearly all the time; that during the playing there, which occurred frequently, no one except the players came into the room; that the public did not go into said room, and witness did not know that any one ever went into it without defendant's invitation; that witness was an intimate friend of both defendant and Spigener, and rarely a day passed that he was not there; that he never saw said Spigener exercise any control over said room; that the playing occurred at night, when both doors were locked, the shutters closed, and blankets hung over them, so that no one could see in; that the game played by defendant was '*poker*,' one or two dimes '*anti*'; that defendant's partner was playing with him; that no one played there, except those whom defendant invited; that witness never knew the room to be used for the purposes of the store; that defendant and his partner owned the store, and that defendant was a single man.

"This was all the evidence; and thereupon the court charged the jury, that if they believed the evidence, they ought to find the defendant guilty. The defendant excepted to this charge, and requested the court to instruct the jury, that if they believed from the evidence that the room in which the playing occurred was the defendant's bed-room, and was used solely for the purposes of a bed-room, and not for the purposes of the store; and that defendant kept the door locked, and carried the key in his pocket,—then the defendant is not guilty." The court refused to give this charge, and the defendant excepted.

ELMORE & YANCEY, for the defendant.

M. A. BALDWIN, Attorney-General, *contra*.

WALKER, J.—This case has twice before been in this court; and the decisions heretofore made must be the law of it, until it is finally disposed of. The facts of the case are now, in every material particular, the same which were presented in the previous bills of exceptions; and an affirmance of the judgment of the court below is inevitable.

The fact that the room in which the gaming occurred, was used by one of the proprietors of the store, a single man, engaged in the business of the store, as a bed-room, and was used for no other purpose, does not so disconnect that room from the adjoining room, in which a public store was kept, as to take it out of the prohibition which, *prima facie*, extends to the entire house, made a public house by the fact that a store was kept in it.—See Huffman v. The State, 29 Ala. 40; S. C., 28 Ala. 48. To the opinion in this case, as reported in 29 Ala., we refer for an explanation of the position which we feel constrained by the decisions of our predecessors to occupy in reference to the question involved in this and similar cases.

The judgment of the court below is affirmed.