## HUEY *vs.* THE STATE.

[INDICTMENT FOR SELLING LIQUOR TO SLAVE.]

1. *Presumptive evidence of offense.*—Under section 3286 of the Code, the fact that a slave is found in the night time, immediately after coming out of a house where merchandise is sold, in possession of spirituous liquor, is made presumptive evidence of guilt against the keeper of the house, when indicted for selling liquor to such slave.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. WILLIAM M. BROOKS.

THE indictment in this case charged, that the defendant " did sell, give, or deliver, to a slave named Joe, the property of Mrs. Kavanaugh, vinous or spirituous liquor, without an order in writing, signed by the overseer or master of such slave, specifying the quantity to be sold, given or delivered."  " On the trial," as the bill of exceptions states, " the State introduced a witness, who testified, that during Christmas week, 1856, he saw a slave, Joe by name, the property of Mrs. Kavanaugh, going by night into the defendant's grocery, and into the back room thereof, in the town of Huntsville in said county; that the slave had some article in his hand, which he supposed was a handsaw; that he saw said slave come out of said grocery, and immediately afterwards examined his person, and found a bottle of whiskey in the pocket of his pantaloons.  Another witness for the State testified, that he

frequently delivered to the defendant, at his said grocery, during the year 1856, several barrels, marked whiskey, brandy, &c. The State also introduced three witnesses, by whom it attempted to prove, that defendant kept vinous or spirituous liquors for sale in his said grocery; but said witnesses stated, that, though they had been in said grocery, and had there made purchases from the defendant, they saw no liquors there, and nothing but family groceries, consisting of coffee, meal, flour, &c. This was all the evidence; and thereupon the court charged the jury, that if they believed from the evidence that the slave Joe was the property of Mrs. Kavanaugh, and was seen, in December, 1856, going into the defendant's grocery, in this county, and coming out of said grocery, in the night time; and was thereupon examined, and had in his pocket a bottle of whiskey; and that spirituous liquors or merchandise was at that time kept for sale in said grocery,—it was presumptive evidence of the defendant's guilt. The defendant excepted to this charge, and requested the court to instruct the jury, that, to convict the defendant, they must be satisfied he kept spirituous or vinous liquors for sale; and that it was not sufficient for this purpose, that it was proved he kept merchandise, other than spirituous or vinous liquors, for sale. The court refused this charge, and the defendant excepted."

WALKER, CABANISS & BRICKELL, for the appellant.

M. A. BALDWIN, Attorney-General, contra.

STONE, J.—Section 3286 of the Code reads as follows: "Upon the trial of indictments under the preceding and section 3283, evidence that the slave was seen, in the night time, or on Sunday, going into a place where spirituous or vinous liquors or merchandise are sold, with an article of traffic, and coming out without the same; or that such slave was seen at such time, or on such day, immediately after coming out of such place, in possession of spirituous or vinous liquor, or merchandise of any kind, is presumptive evidence of the guilt of the defendant."

It is contended for the plaintiff in error, that the circuit

judge, in his charge, misconstrued the section of the Code above copied; that the second clause of the section provides for two distinct classes of offense; and that the presumption of guilt which the law intends to raise, can only exist when the *particular article* found in the slave's possession, "immediately after coming out of such place," is of the class "sold" in that place. There is much plausibility in this argument, and it harmonizes with what we suppose was the policy which dictated the enactment. The language of the statute, however, is plain, and leaves no room for construction.

In Mangham v. Cox, 29 Ala. 81, 88, in speaking of a statute which is highly penal in its provisions, we laid it down as the duty of courts, to give to statutes full operative effect, in "cases clearly within their letter, and which are not proved to be clearly without their spirit."—See, also, Spaight v. The State, 29 Ala. 32.

That the rulings of the primary court are strictly in accordance with the letter of the statute, we think cannot be successfully controverted. In such case, if we were to enter the field of conjecture in search of a supposed *spirit,* other than what the legislature have clearly expressed, we might not only travel out of our legitimate sphere of duty, but do a much greater wrong than that we were seeking to avoid.

If there was in this case any proof, tending to show that the defendant did not sell, or keep for sale, spirituous liquors; then such proof should have been duly weighed by the jury, in determining whether the presumptive evidence of guilt, declared by the statute, was so far impaired, as to leave it insufficient to support a conviction. There is nothing in this record which negatives the idea that defendant had the full benefit of this principle; and in support of the correctness of the ruling of the primary court, it is our duty to presume such was the case.—See State v. Merrick, 1 Appleton, 398; State v. Bennett, 3 Brevard, 514.

It may be a question whether the act, approved February 9th, 1852, (Pamphlet Acts, 82,) bears on the section of the Code we have been considering. That statute

declares, "that the words 'or merchandise,' whenever they occur in the second section of 'an act providing for the more effectual prosecuting of persons trading illegally with slaves,' approved 7th February, 1850, be, and the same are hereby, repealed."

If the statute last copied bears on the Code, it makes a substantial alteration in its phraseology and construction, and would necessarily lead to a reversal of this case. It refers in terms only to the act of 1850. Whether it also repeals the words, "or merchandise," as found in section 3286 of the Code, depends on the construction of other provisions of the Code.

Section 10 declares, that "all acts of a public nature, designed to operate on all the people of the State, not embraced in this Code, are hereby repealed." The plain import of this language is, that if by any provision of the Code a former statutory provision is substantially retained, the effect is that the former statute is not repealed, but merely continued in force.—Frankenheimer v. Slocum, 24 Ala. 373. On the other hand, all former *acts of a public nature*, which were not retained in the Code, were by it repealed. If, then, section 3286 is substantially identical with the second section of the act of 1850, the Code did not repeal it.

On the hypothesis that section 3286 of the Code and section 2 of the act of 1850 are in substance the same, and, as a result from this, that the second section of the act of 1850 is not repealed by the Code, it would become material to inquire whether section 11 of the Code bears on this question. That section declares, that "any public or general laws, passed at the session of the general assembly convened on the second Monday of November, 1851," (the session during which the act of February 9th, 1852, was passed,) "supersede any provision of this Code with which they conflict." If, then, section 3286 is but a continuation—a re-print—of section 2 of the act of 1850, the act of 1852 repeals the words "or merchandise" in that section of the Code, as well as in the act of 1850.

We think, however, that the act of 1850 was repealed by the tenth section of the Code. Not to mention any

other discrepancies, the act of 1850, (§ 2,) in defining the *place* in which the alleged illegal trading takes place, describes it as "a place where spirituous liquors or merchandise are *usually* sold;" while the Code omits the word "*usually.*" To say of a place that spirituous liquors or merchandise are sold there, is not equivalent to saying they are *usually* sold in that place. To justify the presumption under the Code, the proof is sufficient, if, *at the very time* of the ingress or egress, spirituous liquors or merchandise are sold in that place, although there may be no selling either before or after that time. Under the act of 1850, a habit or custom of traffic in the articles designated must have been proved.—Moore v. The State, 16 Ala. 411.

The judgment of the circuit court is affirmed.