# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At June Term, 1858.

———————

## FARRALL vs. THE STATE.

[INDICTMENT FOR SELLING SPIRITUOUS LIQUOR TO MINOR.]

| 32 | 557 |
| 94 | 93 |
| 32 | 557 |
| 97 | 155 |
| 32 | 557 |
| 105 | 551 |
| 32 | 557 |
| 143 | 229 |

1. *Charge to jury, ignoring proof of time and place, held erroneous.*—A charge to the jury, authorizing them to find the defendant guilty, without determining whether the offense was committed within the county in which the indictment was found, and within the period of time covered by the indictment, is an error which will work a reversal of the judgment.

2. *What constitutes offense of selling liquor to student at school.*—A writing-school, though to continue for the term of twenty days only, is a *school* within the meaning of section 3280 of the Code, prohibiting the sale of spirituous liquor to a minor student or pupil of any " college, school or academy."

3. *Burden of proof as to consent of parent or guardian.*—In an indictment under this section of the Code, the burden of proving the consent of the minor's parent or guardian is on the defendant, and not on the prosecution to prove the want of it.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THE defendant in this case was indicted for selling spirituous or vinous liquors to one P. H. Little, a minor, "a pupil of a school or academy," without the consent of the parent, guardian, or person having charge of such pupil." The bill of exceptions taken on the trial is as follows:

"On the trial of this cause, the State proved by one Little, that in July, 1857, one Frederick established a writing-school within about one-fourth of a mile of his residence; that said school was started for the term of twenty days, one lesson to be given per day, and was continued for about that length of time; that some married men and women attended said school, together with the youths who were there instructed; that witness himself, who was between eighteen and nineteen years of age, and the defendant, were pupils of this school; that while he was thus attending said school, he, together with one John Jones, purchased from the defendant, who kept spirituous liquors for sale, a quart of whiskey, and drank it there; that he knew it was sold to be drunk there, and that the defendant knew, at the time, that witness was going to said school; and that these facts—the establishment of said school, and the sale of said liquor—*was* in the said county of Lowndes, and within one year previous to the finding of the indictment.

"This was the evidence in the case; and thereupon the court charged the jury, that if they believed from the evidence that the witness attended a writing-school as a pupil, or student, and that the defendant knew he was a pupil or student of said school, and that the defendant sold him spirituous liquors while he was so attending said school as a pupil or student, and that the witness was then a minor, or under the age of twenty-one, without the consent of the parent, guardian, or person having the charge of said witness,—then the defendant would be guilty as charged. To this charge the defendant excepted.

"The defendant asked the court to instruct the jury, in writing, that in this case the burden of proving that the sale of the liquor by the defendant was without the consent of the parent, guardian, or person having the charge of said Little, was upon the State. This charge the court refused to give, and the defendant excepted."

D. W. BAINE, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

Farrall v. The State.

RICE, C. J.—We are compelled to reverse the judgment, because the charge of the court authorized the jury to find the defendant guilty, without leaving it to them to determine whether the alleged misdemeanor was committed in the county in which the indictment was found, or within a year before the commencement of the prosecution.—Code, §§ 3374, 3514; Salomon v. The State, 27 Ala. 26; Brown v. The State, 27 Ala. 47; Huffman v. The State, 28 Ala. 48; same case, 29 Ala. 40.

[2.] A writing-school, though to continue for the term of twenty days only, is a school within the meaning of section 3280 of the Code. And it is a violation of that section, for any person who may be keeping fermented, vinous or spirituous liquors for sale, to sell such liquors, in this State, to any pupil of such school, who may at the time be a minor, "without the consent of the parent, or guardian, or the person having the charge of such" pupil.

[3.] The charge asked by the defendant was properly refused. "Where the subject-matter of a negative averment lies *peculiarly within the knowledge* of the other party, the averment is taken as true, unless disproved by that party;" as in a criminal prosecution for a penalty, for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor. Here the defendant, if licensed by the consent of the parent, guardian, or person having charge of the pupil, has peculiar knowledge of it, and can show it without the least inconvenience; and the burden of proving the consent is on him, the consent being in the nature of a license to him.—1 Greenlf. on Ev. (8th edition) § 79, and note 1.

For the error above specified, the judgment is reversed, and the cause remanded.