## PIKE *vs.* THE STATE.

[INDICTMENT FOR EXHIBITING FEATS OF SLEIGHT OF HAND.]

1. *Constituents of offense, and sufficiency of indictment.*—In an indictment for exhibiting feats of sleight of hand without a license, (Code, § § 397–9,) it is not necessary to allege that the exhibition was for profit ; nor is it necessary that the prosecutor should prove that fact on the trial.

2. *Admissibility of declarations as part of res gestæ.*—The declarations of the prisoner during the exhibition, tending to show that his feats of legerdemain were exhibited, free of charge, while the audience was assembling to hear a musical entertainment regularly licensed, are a part of the *res gestæ,* and proper for the consideration of the jury in assessing the amount of the fine.

FROM the Circuit Court of Marengo.

Tried before the Hon. A. A. COLEMAN.

THE indictment in this case charged, " that Levi Pike exhibited feats of sleight of hand, without first obtaining a license therefor, and contrary to law." After conviction, the prisoner moved in arrest of judgment, " on the ground that the indictment is defective in not showing that the feats of sleight of hand were exhibited for profit." The

court overruled the motion, and the prisoner excepted. The other rulings of the court on the trial, to which exceptions were reserved by the prisoner, are thus stated in the bill of exceptions :

" Only three witnesses were introduced on the part of the State, who testified, in substance, that for three or four nights in succession, just before the finding of the indictment, the prisoner exhibited divers feats of sleight of hand, at Linden, in said county. One of said witnesses further testified, that on one of these nights when he attended said exhibition, (not particularizing the night,) on entering the room where it took place, he paid something to a man by the name of Williams, who was standing at the door; and the evidence tended to show, that said Williams was door-keeper for the prisoner. The other witnesses testified, that they attended the exhibition free of charge. Said witnesses further testified, that on the nights when they attended, feats of sleight of hand were first exhibited by the prisoner, for about one hour, and then a concert, musical entertainment, comic songs, and negro melodies. The prisoner then offered to prove, that hand-bills, or public notices of these exhibitions, were posted up in Linden, and that they did not contain any notice that feats of sleight of hand would be exhibited. The court rejected this evidence, on the motion of the prosecuting attorney, and the prisoner excepted. The prisoner then offered to prove, that on the occasions testified to by the witnesses on the part of the State, before the exhibition began, he publicly announced that, while the audience was assembling, he would exhibit some feats of sleight of hand; and that he thereupon exhibited the feats of sleight of hand aforesaid, which lasted for about one hour. The court rejected this evidence also, on motion of the prosecuting attorney, and the prisoner excepted. The prisoner also introduced evidence showing that, on one of the nights aforesaid, he paid for and obtained a license from the proper authorities to exhibit a musical entertainment. The only witness introduced by him testified, that he attended said exhibitions two or three times,

and paid nothing; and that no charge was made for the same, so far as he knew.

"The foregoing being the substance of all the evidence, the court thereupon charged the jury, that if they believed the evidence, they must find the defendant guilty. The prisoner excepted to this charge, and then requested the court to instruct the jury, that they could not find him guilty, unless they were satisfied from the evidence that the feats of sleight of hand exhibited by him were exhibited for profit. The court refused this charge, and the prisoner excepted."

P. LOCKETT, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

R. W. WALKER, J.—1. Under sections 397-9 of the Code, it was not necessary for the indictment to allege, nor for the State to prove on the trial, that the exhibition was for profit.—Spaight v. The State, 29 Ala. 32.

2. What was said by the defendant during the exhibition, was a part of the res gestæ, and was proper to be considered by the jury in assessing the fine. It appears that the fine imposed was not the minimum fine allowed in such cases; and we cannot say, therefore, that the defendant was not injured by the exclusion of the evidence alluded to.

Judgment reversed, and cause remanded.