HENRY (A SLAVE) *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Charge ignoring proof of venue.*—A charge to the jury, instructing them that, on a hypothetical state of facts, not including proof of the venue, the prisone r"would be guilty as charged," is erroneous, and will work a reversal of the judgment of conviction, although the record shows that it was given "among other charges."

FROM the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THE indictment in this case charged the prisoner, in several counts, with the murder and manslaughter of one James Griffith, a white person.—See the report of the case in 33 Ala. 389, where the indictment is set out in full. The bill of exceptions in the present record, after setting out all the evidence in substance, states, that "the court thereupon charged the jury, (among other things,) that to justify the taking of human life, there must be an imperious necessity; and if the prisoner, without such necessity, killed the deceased by stabbing him with a knife, he would be guilty as charged; to which charge the prisoner excepted."

E. W. PETTUS, for the prisoner, contended that the charge was erroneous, under the authority of the following cases: Corbett v. The State, 31 Ala. 329; Huffman v. The State, 28 Ala. 48; Brown v. The State, 27 Ala. 47; Salomon v. The State, 27 Ala. 26.

M. A. BALDWIN, Attorney-General, contra.—The charge of the court is not obnoxious to the objection, that it authorized a conviction without proof of the venue. The words "he would be guilty as charged," do not refer to the venue: the only charge in the indictment is, that the prisoner is guilty of murder. Moreover, if the objection be well taken, its effect is obviated by the fact that other charges, not set out, were given.

A. J. WALKER, C. J.—The charge, for the giving of which the judgment of the circuit court was reversed in the case of Farrell v. State, (32 Ala. 557,) instructed the jury that, upon a certain hypothesis, not including proof of the venue, "the defendant would be guilty as charged." The first charge in this case instructed the jury, that upon a certain hypothesis, not including proof of the venue, the defendant "would be guilty as charged." It is utterly impossible to distinguish between the charge in this case and the charge in Farrell v. The State, so far as it concerns the objection that it authorized a conviction without a belief on the part of the jury, from the evidence, that

the offense was committed in the county in which the indictment was found. We are, therefore, constrained by the authority of the case above cited, to reverse the judgment in this case.—See, also, Spaight v. State, 29 Ala. 32; Huffman v. State, 28 Ala. 48; Salomon v. State, 27 Ala. 26; Brown v. State, 27 Ala. 47.

Judgment reversed, and cause remanded; and the prisoner must remain in custody, until discharged by due course of law.

[INDICTMENT FOR MURDER.]

