# Bain *v.* The State.

61    75
97   156

61    75
100    41
100   141

61    75
125    64

*Indictment for selling or giving Vinous, Spirituous, or Malt Liquors to Minors.*

1. *Charge; what erroneous.*—A charge given by the court, of its own motion, which authorizes a conviction, though the offense was not committed within the county, and within the period prescribed as a bar to the prosecution, is erroneous, and compels a reversal.

2. *Age of witness; what evidence of admissible.*—A witness may testify to his own age, though he states that his knowledge is derived from what his mother told him; and the fact that his mother, who was not shown to be dead, or out of the jurisdiction of the court, was not introduced, does not affect the admissibility of the evidence, though the jury may consider it, with the other circumstances of the case, in determining its credibility.

3. *Charge; when properly refused.*—A charge based on a state of facts, of which there is no evidence, is abstract, and properly refused.

4. *Code, section 4205; construed.*—Under section 4205 of the Code, a sale or gift of liquor to any of the class of persons therein mentioned, is unlawful, unless made "*upon the requisition of a physician for medicinal purposes;*" and this "requisition" must be a verbal or written application or request to the seller by the physician himself.

5. *Illegal act; presumptions as to intent to commit.*—Whenever one does an act which is in itself illegal, the law presumes the intent to do that act, and the act of itself is evidence of the intent; hence where one sells or gives spirituous liquors, &c., to a minor, &c., without the requisition of a physician, the gift or sale is evidence of the intention, and there can be no inquiry as to whether the defendant had the "*specific intent*" to violate the law.

APPEAL from Marshall Circuit Court.

Tried before Hon. LOUIS WYETH.

The indictment under which the appellant was tried and convicted, is framed under section 4205 of the Code of 1876, and charges, that he "did sell or give vinous, spiritous or malt liquors to James Foreman, a minor, against the peace," &c. The only evidence on the trial was the testimony of said Foreman. He testified that, "within the county and within the period of twelve months before the finding of the indictment, he had on two several occasions obtained from the defendant in person some whiskey. The first time he got a quart, the second time a quart or a pint. Upon the first occasion he was sent by his mother, a neighbor of defendant, to the defendant with instructions to get for her a quart of whiskey. Obeying the instructions of his mother,

he went to defendant's house and told him that his mother had sent him for a quart of whiskey, and that she wanted it to use in the treatment of measels, which prevailed in his mother's family; that he was about seventeen years old when he got the whiskey. On the other occasion, he was sent to defendant by his brother, who was a man of full age, to get some whiskey, and the whiskey was delivered to him by defendant, and was carried by him to his brother." On cross-examination he was asked how he knew his age, to which he replied, "his mother told him so." This answer was objected to, on the ground that it was hearsay. The witness further testified that on neither occasion did he use any of the whiskey, but delivered the same to his mother and brother; that the measels prevailed in the family, and Dr. William Johnson, the attending physician, directed his mother to get some whiskey for use in the treatment of the disease. This was all the evidence, and the court of its own motion charged the jury as follows: "If you believe, from the evidence, that the defendant sold or gave to James Foreman vinous, spirituous, or malt liquors, and that James Foreman was a minor at the time of such giving or selling, and beyond a reasonable doubt, you will find the defendant guilty, and assess a fine against him of not less than fifty, nor more than five hundred dollars." The defendant duly excepted to this charge.

The defendant requested separately the following written charges, which the court refused:

" 1. That the evidence of James Foreman, to whom the vinous, spirituous or malt liquors are alleged to have been sold or given by the defendant, as to his age, if based upon hearsay, is a fact or circumstance to be considered by the jury, as to whether he is a minor or not.

" 2. That the hearsay evidence objected to by defendant, can not be considered by the jury, in the determination of this cause.

" 3. If defendant did give, or sell, vinous, spirituous, or malt liquor to said James Foreman, believing him to be of full age, then this is a circumstance to be weighed and considered by the jury, in the determination of the guilt or innocence of the defendant.

" 4. That the intention of the defendant is an essential ingredient in this offense, and the intention must be shown beyond a reasonable doubt, before the jury can convict.

" 5. That the specific intent must exist in the mind of the seller or giver, at the time of selling or giving vinous, spir-

[Bain v. The State.]

ituous, or malt liquors to a minor, knowing him to be a minor, before the jury can find him guilty.

" 6. If the jury believe, from the evidence, that the witness, James Foreman, who obtained the vinous, spirituous, or malt liquors from the defendant, was sent by his mother to get said vinous, spirituous, or malt liquors for her own use, or to be used by her for medicinal purposes, then these alone do not constitute the offense denounced by the statute, and the defendant is not guilty.

" 7. If the jury believe, from the evidence, that the whiskey was given to James Foreman, to be delivered to his mother for medicinal purposes, and was not given or sold to him for his own use,—then this defendant is not guilty."

The court refused each of these charges, and the defendant duly excepted.

The admission of the evidence objected to, the charge of the court, and the refusal to charge as requested, are now assigned as error.

No counsel appeared for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

BRICKELL, C. J.—1. The judgment in this cause must be reversed, because the charge given by the court of its own motion, authorized a conviction, though the jury may not have believed from the evidence, that the offense charged was committed in the county of Marshall, within twelve months before the commencement of the prosecution. It has often been decided in this court that a charge is erroneous, which authorizes a conviction of a criminal offense, without proof that the offense was committed in the county in which the indictment was found.—*Solomon v. The State,* 27 Ala. 27; *Brown v. The State,* ib. 47; *Huffman v. The State,* 28 Ala. 48; *Green v. The State,* 41 Ala. 419. So it has also been decided, that a charge is erroneous based upon a hypothetical state of facts, not including proof of venue, and the commission of the offense, within the period prescribed as a bar to its prosecution.—*Farrall v. The State,* 32 Ala. 557; *Henry v. The State,* 36 Ala. 268.

2. A known exception to the general rule excluding hearsay evidence, is, in matters of pedigree, which includes not merely relationship or its degree, but the time of birth, death or marriage.—1 Whart. Ev. § 208. This evidence is not regarded as secondary—it is classed as primary, and though.

more satisfactory evidence of the fact could be produced, the evidence must go to the jury affected, so far as under the particular circumstances of the case they may regard its credibility as affected, by the fact that the more satisfactory evidence is not produced.—*Clements v. Hunt*, 1 Jones' Law, 400; *Patton v. Rambo*, 20 Ala. 485. The Circuit Court did not err in permitting the witness Foreman to testify as to his age, nor in refusing the first and second charges requested by the appellant.

3. There was no evidence so far as is shown by the bill of exceptions, that the appellant in good faith believed Foreman was of age when the liquor was sold. The third instruction requested, was therefore properly refused. A charge based on a hypothesis, there is no evidence tending to support, is properly refused.

4. The statute under which the present indictment was found, reads: " Any person, whether with or without a license, who shall sell or give away spirituous, vinous, or malt liquors, in any quantity whatever, to minors or persons of known intemperate habits, except upon the requisition of a physician for medicinal purposes, is guilty of a misdemeanor," &c.—Code of 1876, § 4205. For a long time the statute book has borne prohibitory enactments against the sale of liquors to minors, and these enactments have been in various forms and terms, all having the common purpose of protecting the young and inexperienced against the evils of indulgence in the use of intoxicating beverages. The statute immediately preceding the present, authorized (or rather did not fix upon it the quality of a criminal offense), a sale, or gift, with the consent of the parent, guardian, master, or other person having legal charge of the minor.—R. C. § 3619. Thus leaving it to the discretion of the person having by nature, or by law, the care of the minor, whether sales or gifts of liquor should be made to him. Under the present statute, there is but one event in which a gift or sale can be made, and that is *upon the requisition of a physician for medicinal purposes*. The authority of a parent, guardian, or master, may extend to and legalize other transactions with a minor, but it can not relieve of criminality, a sale or gift to him, of spirituous, vinous, or malt liquors, unless it is accompanied with *the requisition of a physician for medicinal purposes*.—*Simon v. State*, 54 Ala. 24. Reading the present in connection with the former statutes, there is indicated a manifest legislative intent, to render all sales or gifts of spirituous, vinous or malt liquors to minors unlawful, unless there

[Bain v. The State.]

is the requisition of a physician for medicinal purposes—not the mere advice of the physician that liquor shall be used, communicated to the vendor through the minor to whom it is given or sold—but an application, or a request, communicated by the physician directly to the seller, either orally or in writing. The statute must be construed in view of the mischiefs against which it is intended to provide ; and while cases not within its letter, though within the mischiefs, may not be drawn under its operation, there must not be a construction, which will withdraw cases within the legitimate meaning of the language and within the mischief. The language is broad, embracing every gift or sale to a minor, with but one exception. If he is the active agent as donee or purchaser, the sale or gift is to him in fact, and it is within the words of the statute. The principal may employ him as the instrument through which he will derive benefit from the gift or sale. But such sale or gift is to the minor, and he is subjected to the temptation and danger against which the statute intends to guard him, though he is not intended to derive benefit from it. The statute would soon become a dead letter, if it was so construed that sales to the minor as agent or servant, were excluded from its operation. The legislature were idly employed when revising former statutes, and excluding sales with the consent of parent, guardian, or master, if a sale or gift to the minor as their agent is not now excluded. The agency may be created with the same facility with which the consent could be expressed. An honest error as to the existence of a fact may be an excuse for an act which would otherwise be criminal. The rule has been applied to this statute, and we have held the seller not guilty, if in the exercise of due care he is really deceived into the belief that the person to whom he sells is of full age, though the fact may be otherwise—*Pause v. State*, 55 Ala. 16. The same rule must be applied as to the fact of agency, if a sale to the minor as agent is excepted from the operation of the statute. The consequences of that construction can be easily foreseen—the statute would fall far short of accomplishing the legislative intention. We think the statute visits with punishment every sale to a minor unless it falls within the exception expressed. It must operate alike as to minors, and persons of intemperate habits, and it would scarcely be insisted that sales to such persons for themselves only, and not sales in which they may act as agents or servants, are within the statute.

5. " The law presumes that every person intends to do

that which he does." Hence, whenever one does an act in itself legally wrong, the law presumes the intent to do that act; and the act of itself is evidence of the illegal intent. *Stein v. The State*, 37 Ala. 133. If the appellant sold or gave spirituous, or vinous, or malt liquor, to the person named in the indictment, and he was at the time a minor, without the requisition of a physician for medicinal purposes, the sale or gift was in violation of the statute, and is of itself evidence of the illegal intent. No other intent is necessary than to make the sale, or gift, and that intention existing, of which the gift or sale is evidence, there can be no inquiry as to whether he had, as it is expressed in the instructions requested, *a specific intent* to violate the law.

For the error we have noticed, the judgment is reversed and the cause remanded. The appellant must remain in custody until discharged by due course of law.