Ex Parte C. W. Robinson.

*No. 6903.    Decided May 14.*

**Practice—Inspection of Oils, etc.—Interpretation of the Codes.**—In the construction of a statute the courts must be governed by the legislative intent, if that intent can be ascertained. The Act of April 5, 1889, provides for the "inspection of refined oils which are the product of petroleum, and which may be used for illuminating purposes within this State, and to regulate the sale and use thereof, and to provide penalties for violations of the same." The proviso embodied in the third section of the said act provides that it "shall not be necessary to inspect *one* which has been inspected under a law of another State." From the subject matter of the act, and the context of the proviso, it is manifest that the word "one" was erroneously incorporated in the proviso in the stead of the word "oil;" and that the intent and purpose of the Legislature in the enactment of the proviso was to exempt from inspection in this State oils which had been previously inspected under the laws of another State.

HABEAS CORPUS on original application to the Court of Appeals, from Harris County.

The opinion discloses the case.

*E. P. Turner,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is an application for an original writ of *habeas corpus.* The writ was issued by this court on a former day of the present term, and has been served and proper return made.

The case was submitted on an agreed statement of the facts, from which it appears that the applicant did, in the city of Houston, Harris County, Texas, in April of the present year, sell one barrel of petroleum containing forty gallons of said oil for illuminating purposes; that the same was sold by him before being inspected and branded by the State Inspector of Oils, under the provisions of the Act of 1889 (Gen. Laws, p. 122); that the laws of the State of Louisiana provide for the inspection of oils such as are embraced in the law of Texas, and that the forty gallons of oil sold by applicant had been inspected by the State Inspector of Oils of Louisiana, and had been branded as approved, all in the manner required by the law of that State; that the applicant is in custody under a warrant issued by

a justice of the peace of Harris County, upon complaint charging him with selling said barrel of oil before the same was inspected and branded by an officer of Texas.

The prosecution is based upon section 6 of the Act of April 5, 1889. The title of that act is "An act to provide for the inspection of refined oils which are the product of petroleum, and which may be used for illuminating purposes within this State, and to regulate the sale and use thereof, and to provide penalties for violations of the same."

The latter clause of the third section of the act reads: "Provided, it shall not be necessary to inspect one which has been inspected under a law of another State."

As the oil sold by the applicant had been inspected under the law of another State (Louisiana), the applicant contends that it was not subject to inspection in this State, unless its inspection was requested by him.

Counsel for the State contends that though inspected under the law of another State, still it is necessary that it be inspected in this State as required by said Act of April 5, 1889; that the proviso above quoted is absolutely void because unintelligible and without meaning.

If we can arrive at the intention of the Legislature, then we should enforce that intention. What did the Legislature mean or intend by said proviso? This intention is absolutely certain, though the proviso does contain the word "one" instead of "oil." It is evident that the intention was to exempt from inspection in this State oil which had been inspected under the law of another State. A consideration of the entire act demonstrates this intention. The context of the proviso renders this certain. Take the word "one" from the sentence, and the subject matter of the act and the context of the proviso would force "oil" to occupy the blank thus left. The object of the law was to have certain oil inspected, the ultimate object being the protection of the people, the inspection of said oil being the means prescribed to prevent probable danger to the lives and property of the people of this State by the use of uninspected oil. Now, in thus exercising precaution for the protection of the people of this State, manifested in said act, the Legislature had the right, and it did substitute an inspection under the law of another State for that required in this State. The proviso says that it shall not be necessary to inspect. Inspect what? The subject matter of the act being the inspection of oil, it (the proviso) alludes to oil—it can not possibly mean anything else. What character of oil? That required by the act to be inspected in this State. If it meant any other oil the proviso would be the essence of foolishness. What interest has this people in the inspection or non-inspection of oils in other States unless the oils inspected in other States are required to be inspected in this State?

The object of the Act of April 5, 1889, is to have inspected refined oils which are the product of petroleum, and which may be used for

illuminating purposes. The proviso exempts from inspection just such oils, and no other, because other oils are not required to be inspected, and as to them there was no necessity for the proviso.

But we are told that the inspection in another State may not be as thorough a test as that required by this act, and that therefore said act may be rendered ineffectual. This may be so; but the Legislature of this State is willing to risk the inspection of other States, and the courts must follow the law making power. The observation might have been useful if made to the Legislature while the act was pending before that body. We are of opinion that the applicant should be discharged, and it is so ordered.

*Ordered accordingly.*

Judges all present and concurring.