## WATERS-PIERCE OIL CO. *v.* STATE.

Decided January 9, 1892.

*Inspection of oils.*

Under sections 3838–3848 of Mansfield's Digest, regulating the inspection of illuminating oils, the owner of oil which has been properly inspected and branded by an inspector of another State, may transfer it from a branded cask to an unbranded receptacle and sell it therefrom, without first hav-ing it re-inspected and the new receptacle branded.

APPEAL from *Pulaski* Circuit Court.

ROBERT J. LEA, Judge.

The Waters-Pierce Oil Company was charged with selling three barrels of coal oil without having the oil inspected and the barrels branded, as required by law. The case was tried by the court, and the defendant was adjudged guilty, upon an agreed statement of facts, as follows :

" The defendant is an incorporated company, and it made two sales of coal oil in the city of Little Rock, without having the same inspected by an inspector of this State. Defendant had said oil inspected by a duly authorized in-spector appointed under the laws of Missouri, at the city of St. Louis, and the cask containing the same was duly and

properly branded by said inspector. Said cask was a car-tank, in which said oil was transported from St. Louis to the city of Little Rock, and the oil sold by the defendant as aforesaid was drawn out of said car-tank into a tank-wagon, out of which said sales were made by the defendant."

*J. M. Moore* for appellant.

The statute permits oils that have been inspected and branded by an authorized inspector of another State to be sold in this State without re-inspection, and to be transferred from branded packages into unbranded receptacles, and to be sold from the latter to consumers, etc. Such statutes are strictly construed. Mansf. Dig., secs. 3838 to 3842. Acts 1883, p. 302; 34 N. W., 905 ; 96 Mo., 63 ; 4 Ohio St., 488; *ib.,* 478; 13 S. W. Rep., 786.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman,* for appellee.

Our statute is more stringent than those discussed in the cases cited by appellant. The effect of the amendment of March 30, 1883, is that oils which have been inspected in another State shall not be subject to re-inspection in this State ; *provided,* that the packages containing same are *branded,* as required by sec. 4 of the act of March 21, 1881.

BATTLE, J. Section 3838 of Mansfield's Digest provides: "All oils and fluids, the product of coal, petroleum and other bituminous substances, by whatever name called, which may or can be used for illuminating purposes, manufactured in this State, or brought into it, before the same is consumed, used or sold to merchants or consumers within this State, shall be inspected by an authorized inspector of this State." Section 3840 provides how the oil shall be tested, and section 3841 says that "all oils and fluids specified in section 3838 that ignite or burn permanently at a temperature of 130 degrees Fahrenheit, and upward, shall be approved by the inspector, and the barrels, casks or packages containing the same shall be branded or marked by him with his name,

official character and the words, 'standard oil.'" Section 3842 then provides: "If any person or persons in this State shall sell to merchants or consumers within this State any of the oils or fluids specified in section 3838 without first having the same inspected by an authorized inspector of this State, *or some other State*, and the barrels, casks or packages containing the same branded or marked by him, as provided in section 3841, said person or persons so offending shall be punished by a fine of $20 for each barrel, cask or package of oils or fluids aforesaid so sold to merchants or consumers within this State without having the same inspected or branded."

The last mentioned section makes acts criminal which were innocent before its enactment. It should, therefore, be strictly construed, and nothing should be adjudged criminal according to its terms and provisions which does not clearly appear to be within its prohibitions when reasonably construed for the purpose of arriving at the legislative intention thereof as it has been declared. When construed in this manner, is there anything in the statute which prohibits the owner, after he has caused his oil to be properly inspected and branded by an inspector of another State and transferred it to another receptacle, from selling it therefrom without re-inspection and re-branding? The statute clearly authorizes him to sell it after he has had it inspected by an authorized inspector of another State " and the barrels, casks or packages containing the same branded or marked by him." There is nothing in it which makes it penal for him to transfer the oil, in whole or in part, from the branded cask or tank to an unbranded receptacle and sell it therefrom without first having it inspected for the second time and the new receptable branded; and it is not criminal for him to do so. We cannot supply the omission. *State* ex rel. *Waters-Pierce Oil Co.* v. *Baggott*, 96 Mo., 63 ; *State* v. *Finch*, 34 N. W. Rep., 905 ; *Woodworth* v. *State*, 4 Ohio St., 488 ; *Cheadle* v. *State, ib.*, 478 ; In re *Robinson,* 13 S. W. Rep., 786; Ex

parte *Robinson*, 15 S. W. Rep., 603; Bishop on Statutory Crimes (2d ed.) secs. 212, 225.

It has been contended that this construction of similar statutes was improper because it rendered the proof of the violation of the law difficult.   But does not the fact that the oil has been inspected, if such be the fact, lie peculiarly within the knowledge of the seller, and is not the burden on him to prove it, and, upon his failure to do so, will it not be presumed that it was not inspected?   1 Greenleaf on Evidence (14th ed.), sec. 79; *Hopper* v. *State*, 19 Ark., 146; *Williams* v. *State*, 35 Ark., 430; *Farrall* v. *State*, 32 Ala., 557, 559.   But this question does not arise in this case.   The appellant had the oil in question inspected by a duly authorized inspector of the State of Missouri, and the cask containing the same properly branded by him.

Reversed and remanded.