# Kicker v. The State.

## *Indictment for Gaming.*

1. *Gaming; house where game played within the statute.*—On a trial under an indictment charging that the defendant bet money at a game played with cards at a "storehouse for retailing spirituous liquors or house or place where spirituous liquors were at the time sold, retailed or given away," it was shown that the game was played in a room in the second story of a store; that in the room there were a bed with a mattress on it, and table and chairs; that in the first story or ground floor of said building there was a storehouse for retailing spirituous, vinous or malt liquors; that to reach the room where the game was played there was a stairway which led from the sidewalk to the second story, and there was a wooden partition which separated the stairway from the store and extended from the stairs to the ceiling; that there was no opening between the stairway and the store; and that there was no opening connecting the room where the game was played with the storeroom underneath where the liquor was sold, but it was all in the same building. *Held*: That such place of gaming came within the provisions of the statute (Code, §§ 4792-4797).

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant was indicted, tried and convicted for betting at a game of cards played at a "tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed or given away," etc. The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must find the defendant not guilty." (2.) "If the jury have a reasonable doubt as to whether the game was played in a private bed-room and that the game did not take place

13c

[Kicker v. The State.]

at either the places denounced by the statute, then they must find the defendant not guilty." (3.) "If the jury have a reasonable doubt as to whether the defendant bet or played at a game with cards at a tavern, inn, storehouse for retailing spirituous liquors, etc., house or place where spirituous liquors were at the time sold, retailed or given away, or in a public place or some other public place, or at an outhouse where people resort, then they must find the defendant not guilty."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Johnson v. State,* 19 Ala. 527; *Huffman v. State,* 29 Ala. 40; s. c. 30 Ala. 532.

DOWDELL, J.—The defendant offered no evidence. The evidence introduced by the State was without conflict, and showed that the defendant in October, 1901, and before the finding of the indictment, in Montgomery county bet money at a game played with cards. That the game was played in a room in the upper story of O'Rear's store in the county and city of Montgomery. That the room used, and the one in which said game was played, was in a two story building, the room being in the second story of said building. That in the room was a bed with mattress on it, a table and chairs. That in the first or ground floor of said building there was a storehouse for retailing spirituous, vinous and malt liquors, which was occupied by said O'Rear as a store, and liquors were kept by said O'Rear in said store for sale. That to reach said room where said game was played there was a stairway that led from the sidewalk in front of said store to the second story of said building. That there was a wooden partition that separated the stairway from the store occupied by O'Rear, that extended from the stairs to the ceiling. That there was no opening between said stairway and the said store. That during the time the game was played, which continued the greater part of the day, the defendant,

with several others, came into and went out of said room by the stairway that entered said building from the street. That there was no opening connecting the room where the game was played and the store room underneath occupied by O'Rear, but it was all the same building and known as O'Rear's. On this undisputed evidence and under the decisions by this court in the following cases: *Johnson v. State*, 19 Ala. 527; *Brown v. State*, 27 Ala. 47; *Huffman v. State*, 29 Ala. 40; s. c. 30 Ala. 532, the court properly gave the general affirmative charge as requested in writing by the State, and committed no reversible error in refusing the charges requested by the defendant. There were no other exceptions reserved.

There is no error in the record, and the judgment will be affirmed.